## SUPREME COURT.

THE PEOPLE *ex rel.* THOMAS FLYNN, appellant, agt. WILLIAM BUTLER, respondent.

*Mechanics' lien — Right of lienor to moneys deposited with county clerk to remove lien*

Where moneys are deposited with the county clerk to remove mechanics' lien upon certain lands, it does not confer an absolute right in the lienor to receive the money without first establishing his lien.

*First Department, General Term, May,* 1881.

APPEAL from an order of the special term denying motion for *mandamus* to compel the county clerk to pay over money deposited with him to remove mechanics' lien on certain lands.

*Evarts & Secor,* for appellant.

*Jefferson Clarke,* for respondent.

DAVIS, *P. J.* — The sole purpose of the provisions of the act allowing the payment of money into the hands of the county clerk in cases like this seems to be to remove the lien from the hands of the party and impose it upon the money, the object being to enable the owner of real estate, by substituting money to the amount of the alleged lien, and of costs, if an action be pending, to enjoy the power of disposing of

his land relieved from the lien. The money takes the place of the lien to await the result of such proceedings as may be taken to establish a lien. This is distinctly settled, and we have no doubt correctly, in *Dunning* agt. *Clarke* (2 *E. D. Smith*, 535). The opinion of INGRAHAM, first judge, in that case discusses and settles, as it seems to us, the questions involved in this. That case arose under the laws of 1851, and some changes have been made in the phraseology of the section on which this question arises by the general act of 1880. We do not think, however, that the legislature intended to change the effect of the deposit, or to recognize and declare an absolute right in the lienor to receive the money without first establishing his lien.

The order below should, therefore, be affirmed, with costs. All concur.