[No. 12099. In Bank. — January 31, 1888.]

SOUTHERN CALIFORNIA LUMBER COMPANY, Appellant, *v.* CHARLES T. SCHMITT et al., Respondents.

Mechanic's Lien — Material-man — Failure to File Lien — Personal Liability of Owner. — A material-man who has furnished materials to the contractor to be used by him in the erection of a building, but who has not filed any lien therefor, is not entitled to a personal judgment against the owner of the building for the value of the materials, although the contract for the building has not been filed as required by section 1183 of the Code of Civil Procedure.

Appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Collier & Collier*, for Appellant.

*W. J. Hunsaker*, and *J. R. Jones*, for Respondents.

Foote, C.— This action was, according to the original complaint filed therein, initiated for the purpose of obtaining a judgment against one Gorey, a contractor, for the amount of a bill for materials furnished him by the plaintiff, and against Charles T. Schmitt, to foreclose a mechanic's lien on his building, which Gorey had contructed to build, and in the construction of which the materials bought by Gorey from the plaintiff had been used. Elizabeth T. Randall was also made a party to the suit as a mortgagee of Schmitt. Finding that the contract between Gorey and Schmitt was void because it had not been filed in the office of the county recorder before the commencement of the building, as is requisite to its validity under chapters 1, 2, and 3, title 4, Code of Civil Procedure, the plaintiff filed an amendment to the first complaint, in which, setting out the fact that the contract aforesaid was void, it is sought to hold

LXXIV. Cal.—40

Schmitt and Gorey both personally liable for the amount of the indebtedness contracted by Gorey, and to enforce a lien in favor of the plaintiff as against Schmitt's building.

Upon the evidence which was introduced before the court, a motion was made by Gorey and Schmitt for a nonsuit, which was granted, and judgment entered accordingly, from which this appeal is prosecuted.

The only point made by the appellant in favor of a reversal of the judgment is, that the court erred in refusing to render a personal judgment against Schmitt, instead of granting the nonsuit as to him.

It is not controverted that the evidence shows that both the contract of Gorey with Schmitt, because not filed according to law, and the lien of the plaintiff, because the affidavit attached to it was deficient, were void; but it claimed, although no lien exists on the building as to the contractor, and those who may claim under him, and none as to the material-man, that nevertheless, according to section 1183, Code of Civil Procedure, the plaintiff ought to have had a personal judgment against Schmitt, with whom he never had any contract to furnish the building materials.

The language of the statute under which this contention is made, speaking of the contracts between contractors and owners of buildings, is:—

"All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and shall be subscribed by the parties thereto, and shall, before the work is commenced, be filed in the office of the county recorder of the county or city and county where the property is situated, who shall receive one dollar for such filing; otherwise they shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been

done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." (Sec. 1183, Code Civ. Proc.)

We cannot agree with the appellant in a case where neither the contractor nor the material-man has filed any lien, such as is given them by statute, that under the section, *supra*, a personal judgment for the value of the materials furnished may be had against the owner of the building, who did not purchase them, and who was under no contract with the material-man, either express or implied, to pay for them. That section, as it seems to us, means to preserve the right of the material-man who has duly filed his lien according to the statute, in cases where the contractor has failed by reason of not filing his contract to preserve the material-man's rights thereunder; and the language of the statute announces the law to be that where such is the case the material-man may duly file his lien, and enforce it just as if the owner of the building had bought from or contracted for the materials with the material-man in the beginning, instead of the contractor.

It follows that the judgment should be affirmed.

Hayne, C., and Belcher, C. C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.