SCHERRER *v.* MUSIC HALL CO. OF NEW YORK, Limited, *et al.*

(*Common Pleas of New York City and County, General Term.* April 4, 1892.)

MECHANICS' LIENS—DISCHARGE BY BOND—ENFORCEMENT OF BOND.

Where a mechanic's lien has been discharged by the filing of a bond, as provided by Laws 1885, c. 342, § 24, subd. 6, the lienor, in an action to establish his lien and enforce it against the sureties on the bond, may properly make parties all who have filed liens upon the premises, as is required by section 17, in an ordinary action to foreclose such a lien, including those whose liens have been discharged by a deposit of money, as provided by section 24, subd. 2.

Appeal from special term.

Action by Adolphe Scherrer against the Music Hall Company of New York, Limited, Isaac A. Hopper and James Kelly, Jr., composing the firm of Isaac A. Hopper & Co., Charles Plock and Wilhelmine L. Schneider, composing the firm of Charles Plock & Co., and others, to enforce a mechanic's lien against the sureties on a bond filed to discharge said lien. From an order denying a motion to strike out the names of certain parties made defendants to the action, defendants Hopper, Kelly, Plock, and Schneider appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Norwood & Coggeshall,* for appellants. *Henry Seldner,* for respondent Scherrer. *Ezekiel Fixman,* for respondents Beers & Kuenstner.

DALY, C. J. This is an action in the nature of a foreclosure of a mechanic's lien filed by the plaintiff, who performed work and labor for Charles Plock & Co., subcontractors under Isaac A. Hopper & Co., who were contractors with the owners, the Music Hall Company, for the erection of a building in the city of New York. Before the commencement of the action the plaintiff's lien was discharged by the filing of a bond under the provisions of the mechanics' lien act, (Laws 1885, c. 342, § 24, subd. 6,) and the action is brought to obtain a judgment which shall be enforceable against the sureties of the bond. The plaintiff having made parties defendant all the other lienors and incumbrancers upon the property, some of whose liens had been discharged by a deposit of money as provided in the lien act, (Id. subd. 2,) the defendant contractors made a motion to have the summons and complaint amended by striking the names of such parties therefrom. The motion was denied, and from the order entered thereon this appeal is taken.

Where premises against which a mechanic's lien is filed have been discharged by the filing of a bond, the lienor's right of recourse against the sureties depends upon his obtaining a judgment against the property, *i. e.,* a judgment in an action wherein he establishes a right to a judgment of foreclosure and sale of the premises, enforceable by a sale of the premises but for the filing of the bond. *Copley v. Hay,* (Com. Pl. N. Y.) 12 N. Y. Supp. 277. The lienor must establish the existence of a valid lien upon the premises at the time of the filing of the bond; and this requires a subcontractor to show that there is a sum due from the owner to the contractor sufficient, after the payment of prior liens, to satisfy the claim in suit. Lien Act, § 1; *Lauer v. Dunn,* 115 N. Y. 405–408, 22 N. E. Rep. 270. In the ordinary action in a court of record to foreclose a mechanic's lien, this is determined when all the parties are before the court, and to that end the statute requires that all parties who have filed liens, as well as subsequent incumbrancers, shall be made parties defendant, in order that the court may settle and determine the equities of all

the parties, and decide the extent, justice, and priority of the claims of all parties. Lien Act, §§ 17, 21. It is for the interest of the owner, if his premises are still subject to the lien, to have all the lienors made parties to the action, and the extent and priority of all the liens determined in one litigation; and it is equally for his interest to do so if he has given a bond to discharge the premises, and his sureties are liable in place of his property; although where the bond has been filed by the contractor or any third party, and the premises are discharged, the owner would seem to have no further interest in the litigation even as a party himself, (*Copley* v. *Hay*, above; *Schaettler* v. *Gardiner*, 4 Daly, 56;) this, of course, not being the case where the owner is personally liable to the lienor for the debt, (*Lawson* v. *Reilly*, 13 Civil Proc. R. 290.)

But, after the filing of a bond to discharge a particular lien, are other lienors necessary parties to an action by the particular lienor, the ultimate object of which is to establish a right to an action upon the bond given for his special security? It is contended by the appellants that they are not, and particularly in this case, where the liens of such parties have also been discharged by the deposit of the amount claimed in each lien. But is not the question of the priority of the several liens and the amount due upon each involved in the claim of each lienor upon his particular bond? Whether the liens have been discharged by bond or by deposit, the right of recourse to those securities depends upon proof of the same facts which give the right of recourse to the property. The bond and the deposit take the place of the property, and the liens are imposed upon them instead of upon the property. *People* v. *Butler*, 61 How. Pr. 274. The claimant, in order to establish a lien upon the property, must show his right, as against all other claimants, to payment from the fund subject to the liens,—viz., the moneys due from the owner to the contractor,—and must show that, after the satisfaction of all such claims as are entitled to priority, there is sufficient to satisfy his particular lien, (Lien Act, § 1; *Gibson* v. *Lenane*, 94 N. Y. 183;) and he must show the same facts and right in order to establish a lien upon the bond or deposit, and a right of action against the sureties upon the bond. The inquiry, therefore, necessary in the case of each lienor is the same, whether his lien has been discharged by bond or deposit or not discharged, and the judgment in his action must determine the equities and priorities of all the liens upon the fund. This cannot be done in separate actions brought by the several lienors against the owner and contractor alone. The action to establish the lien, and the right to a participation in the fund out of which it is to be satisfied, are of equitable cognizance, (*Field* v. *Mayor*, 6 N. Y. 179–187;) and, even in the absence of statutory provisions, all the lienors, subsequent as well as prior, are proper, if not necessary, parties to an action to foreclose a mechanic's lien, according to the general practice in equity, (*Kenney* v. *Apgar*, 93 N. Y. 539–545.) The plaintiff was right, therefore, in making all the other parties who had filed liens upon the premises defendants in his action, and the motion to strike them out as parties was properly denied. Order appealed from affirmed, with costs. All concur.