TRIAL—REFERENCE OF COUNSEL TO PLEADINGS.
      Counsel have the right to refer to the pleadings during a trial.

Appeal from trial term.

Action by John Claflin and others against the New York Standard Watch Company.   Judgment for defendant.   Plaintiffs appeal. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Charles W. Gould, for appellant.

John L. Wilkie and John H. Weed,. (Lloyd McK. Garrison, of counsel,) for respondent.

EHRLICH, C. J.   The case seems to have been carefully tried, and the result arrived at warranted by the evidence.   The counsel had the right to refer to the pleadings during the progress of the trial, as they are always before the court and jury.   Rowe v. Comley, 1 City Ct. R. 466, 2 Civil Proc. R. 424, 427.   We have examined the numerous exceptions, and find them without merit.   On the facts as found by the jury, the verdict rendered by them is right, and the judgment entered thereon, and the order denying the motion for a new trial, must be affirmed, with costs.   All concur.

---

(3 Misc. Rep. 275.)
KRUGER et al. v. BRAENDER et al.

(Common Pleas of New York City and County, General Term.   April 3, 1893.)

1. MECHANICS' LIENS—FORECLOSURE—VARIANCE.
      That a joint contract was alleged with the owner of a building and a contractor, under which plaintiffs claimed to have furnished materials, while the evidence showed only a several contract with the owner, cannot be urged by the owner as a defense, since in either event he is liable.
2. SAME—OBJECTION TO JUDGMENT.
      That a judgment foreclosing a mechanic's lien may be unauthorized in so far as it undertakes to adjudge the sureties on a bond given to discharge the lien liable in an action on the bond, thereafter to be instituted, though not parties to the foreclosure, cannot prejudice the owner of the property.
3. SAME—PERSONAL JUDGMENT.
      Personal judgment may, independent of any express authorization of the mechanic's lien law, be awarded for services and materials to the extent to which the lienor shall have established a valid lien.
4. SAME—DISCHARGE OF LIEN—FORECLOSURE.
      Notwithstanding the discharge of a mechanic's lien by giving of the bond

provided in Laws 1885, c. 342, § 24, subd. 6, an action to establish the lien, in form as in an action to foreclose, is proper, though no sale of the premises could be ordered.

Appeal from city court, general term.

Action by Otto Kruger and Charles F. Albert against Philip Braender and others to foreclose a mechanic's lien. From a judgment of the general term of the city court (20 N. Y. Supp. 991) affirming a judgment of that court at special term in favor of plaintiffs, the defendant Braender appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Bartlett, Wilson & Hayden, (Philip L. Wilson, of counsel,) for appellant.

Eugene Otterbourg, for respondents.

BISCHOFF, J. The evidence is conclusively to the effect that plaintiffs at no time entered into any contract with Uckermann, defendant Braender's contractor, to supply him with the materials for which they claimed a lien in this action, and that they did furnish it upon Braender's promise to pay therefor. No question arises, therefore, as to whether or not Braender's promise was collateral to any promise of Uckermann, and void under the statute of frauds, because not in writing. Hubbell v. Schreyer, 14 Abb. Pr. (N. S.) 284, 298, et seq.

That the notice of lien and the complaint alleged a joint contract with defendant Braender and Uckermann under which plaintiffs claimed to have furnished the materials, while the evidence sustains a finding only of a several contract with Braender, might have availed Uckermann on a motion to dismiss the complaint as to him, but did not constitute a defense as to Braender, since he was in either event liable. Hubbell v. Schreyer, 14 Abb. Pr. (N. S.) 284, 300.

Again, that the judgment appealed from may be unauthorized in so far as it undertakes to adjudge the sureties on the bond given to discharge the lien, who were not made parties to this action, liable in an action on the bond, thereafter to be instituted against them by plaintiffs herein, can in no sense injuriously affect defendant Braender. If the judgment is justly assailable in the particular mentioned, the invalidity of its operation may be asserted by the sureties when they are prosecuted on the bond, and the judgment herein is sought to be used to preclude their defense.

So, also, it has been held by the general term of this court in McGraw v. Godfrey, 14 Abb. Pr. (N. S.) 397, and Hubbell v. Schreyer, Id. 284, that, independent of any express authorization of the mechanic's lien law, personal judgment for the agreed price, or the reasonable value of the services and materials rendered and furnished respectively against the party upon whose credit they were so rendered and furnished, may be awarded to the extent to which the lienor shall have established a valid lien, and that the authority to award the judgment is incidental to the authority to entertain the action. This view is sanctioned by Schaettler v. Gar-

diner, 47 N. Y. 404; Darrow v. Morgan, 65 N. Y. 338; Burroughs v. Tostevan, 75 N. Y. 571; Weyer v. Beach, 79 N. Y. 409; Childs v. Bostwick, 65 How. Pr. 146; Lawson v. Reilly, 13 Civil Proc. R. 290; and Fay v. Muhlker, (Com. Pl. N. Y.) 20 N. Y. Supp. 671.

Notwithstanding the discharge of the lien by the giving of a bond as provided in the mechanic's lien law, (Laws 1885, c. 342, § 24, subd. 6,) an action to establish the lien in form as in an action to foreclose it was proper, though no sale of the premises affected can be therein directed. Copley v. Hay, (Com. Pl. N. Y.) 12 N. Y. Supp. 277; Scherrer v. Music Hall Co., (Com. Pl. N. Y.) 18 N. Y. Supp. 459; Brandt v. Radley, (Sup.) 23 N. Y. Supp. 277, opinion by Patterson, J. The judgment should be affirmed, with costs.