THOMAS SHEFFIELD, Respondent, *v.* FREDERICK ROBINSON and Others, Defendants, EDWARD EARLY, Appellant, Impleaded with Others.

*Foreclosure of a mechanic's lien when a bond has been given — form of the action — proper parties — lis pendens.*

The condition of a bond given pursuant to subdivision 6 of section 24 of chapter 342 of the Laws of 1885, renders the foreclosure of the lien and the recovery of a judgment against the property necessary before resort can be had to the bond.

In such an action all persons should be made parties defendant who would be proper parties to an action for the foreclosure of the lien in case a bond had not been given.

In such an action the object of the *lis pendens* is to give notice of the pendency of the action to all persons who may subsequently acquire, or seek to acquire, rights in the property, but it is not required for the protection of the parties to the action, and an omission to file the same, where a bond has been given conditioned for the payment of any judgment which may be recovered, is not a defense to the action.

APPEAL by the defendant, Edward Early, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 3d day of August, 1893, upon the report of a referee.

The action was brought for the foreclosure of a mechanic's lien on premises owned by John J. Astor, at the southwest corner of Thirteenth street and Tenth avenue, which were leased by him for twenty years from May 1, 1888, to Edward Early, who entered into possession thereof.

In August, 1888, Early entered into a written contract with Frederick Robinson, whereby the latter agreed to erect a building on the premises for $37,000. Subsequently, Thomas R. Sheffield entered into an oral contract with Robinson to furnish material for and to do certain work on the building, which was afterwards furnished and performed, and which the referee found to be of the value of $3,518.85, of which sum $1,500 was paid.

February 27, 1889, Sheffield duly filed a mechanic's lien against the property for the amount unpaid, a copy of which was on the same day served on Early. On the 16th of March, 1889, Frederick Robinson entered into a bond pursuant to subdivision 6 of section 24.

·of chapter 342 of the Laws of 1885, the Mechanics' Lien Law, " conditioned for the payment of any judgment which may be rendered against the property," upon which an order was duly made and entered discharging the property from the lien filed as aforesaid. The lien not having been paid, this action was begun May 7, 1889, to foreclose the lien. It was alleged in the complaint that more than $3,500 was due from Early to Robinson on the building contract. Two of the defendants, Early and one Edward Tracy, appeared and answered, the other defendants making default. The referee found that when the lien was filed Early was indebted to Robinson in the sum of at least $2,000 on the contract, which Early paid to Robinson subsequent to the filing of the lien, and that he subsequently paid Robinson upwards of $6,000 for work done and materials furnished, and also found all the issues of fact in favor of the plaintiff, and a judgment was entered adjudging that the amount due on the lien was $2,621.61, together with $406.78, costs, and directing that the property against which the lien was filed be sold, and that the plaintiff be paid the amount of the judgment. The judgment contains the following provision : " It is further ordered and adjudged that so much of this judgment as directs a sale of the right, title and interest of the defendant Early in the lands and premises and the buildings is in form only, and that the plaintiff have liberty to proceed according to law with the judgment herein for the above-named sum of $3,028.39, damages and costs, and interest from the date of this judgment against Frederick Robinson, as principal, and Nicholas Murray and Mary Robinson, the sureties upon the bond given upon the discharge of plaintiff's lien."

*Thomas C. Ennever*, for the appellant.

*Martin E. Halpin*, for the respondent.

Follett, J. :

The appellant asks for a reversal of the judgment on three grounds : (1) That he is neither a necessary nor proper party defendant ; (2) that a notice of *lis pendens* not having been filed within one year after the filing of the lien, the action cannot be maintained ; (3) that the judgment entered in form against the

property is illegal because the principal contractor, who was the debtor, has given a bond and obtained an order discharging the lien, pursuant to the 6th subdivision of section 24 of the Mechanics' Lien Law.

The condition of the bond given is " for the payment of any judgment which may be rendered against the property," which renders the foreclosure of the lien and a recovery of a judgment against the property necessary before resort can be had to the bond, and in such an action all persons should be made parties defendant who would be proper parties to an action for the foreclosure of a lien in case a bond had not been given.

The object of a *lis pendens* is to give notice of the pendency of the action to persons who may subsequently acquire or seek to acquire rights in the property, but it is not required for the protection of the parties to the action, for they have notice of its pendency and of the claim made by it. However, this question has been settled against the claim of the appellant in *Ward* v. *Kilpatrick* (85 N. Y. 413). In that case it was held, " It is further said that the proceeding of the lienor was ineffectual, because he did not show affirmatively the filing of a notice of *lis pendens* within ninety days succeeding the filing of his claim. That provision under the statute has no application to a case where the lien upon the real estate is discharged by the deposit in court of the amount of the debt, as was done in this case. In that event the lien is shifted to the fund, the controversy ceases to affect the real estate or third persons, and *lis pendens* becomes unnecessary." That case arose under chapter 379 of the Laws of 1875, the 8th section of which provided : " No lien, provided for in this act, shall bind the property therein described for a longer period than ninety days after the claim has been filed, unless an action be commenced within that time to enforce the same, and a notice of the pendency of such action filed with the clerk of the county, and an entry of the fact of such notice made on the lien docket." This provision is not essentially different from that contained in section 6 of chapter 342 of the Laws of 1885, except as to the time within which the action is to be commenced and the notice of its pendency filed. The omission to file the notice is not a defense to the action.

No error was committed in ordering a judgment of foreclosure in

form to be entered against the property. As before stated, until this is done the claimant has no remedy on the bond.

The recovery of a judgment by a claimant against the debtor for the amount of his claim would not entitle him to recover the debt from the obligors on the bond without the recovery of a judgment of foreclosure against the property. (*People ex rel. Flynn* v. *Butler*, 61 How. 274; *Lawson* v. *Reilly*, 13 N. Y. Civ. Proc. Rep. 290; *Highton* v. *Dessau*, 46 N. Y. St. Repr. 922; *Scherrer* v. *Hopper*, 45 id. 638.)

In the case last cited the General Term of the Common Pleas said: "The claimant, in order to establish a lien upon the property, must show his right, as against all other claimants, to payment from the fund subject to the liens, viz., the moneys due from the owner to the contractor; and must show that after the satisfaction of all such claims as are entitled to priority there is sufficient to satisfy his particular lien (Lien Act, § 1; *Gibson* v. *Lenane*, 94 N. Y. 183); and he must show the same facts and right in order to establish a lien upon the bond or deposit and a right of action against the sureties upon the bond."

In so far as *Buckley* v. *Moses* (23 Civ. Proc. Rep. 28) and *Heinlein* v. *Murphy* (3 Misc. Rep. 47) are adverse to this view they are overruled.

The judgment in this action carefully protected the rights of the owner and provided that it was in form only against his property, and it clearly constitutes no lien upon it.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.