JOHN RAVEN, Respondent, *v.* WILLIAM R. SMITH, Appellant.

*Payment into court to discharge a mechanic's lien — represents the lien on the land — judgment put in evidence and subsequently vacated — new trial — motion to annul a judgment.*

Where money is paid into court to discharge a mechanic's lien, it stands in lieu of the land for the satisfaction of the lienor's claim, and to reach the fund he is obliged to show not only the validity of his claim but a lien on the land.

An action was brought in the County Court to foreclose a mechanic's lien ; upon the trial the parties admitted in evidence a judgment of the Supreme Court between the same parties which established the plaintiff's claim for work. Judgment was rendered for the plaintiff which was affirmed upon appeal. Subsequently the Supreme Court judgment was reversed. The defendant then moved to vacate the judgment of the County Court, and an order was made vacating that judgment and granting a new trial on terms. Subsequently, on an affidavit of the defendant's attorney that his motion was not for a new trial, but to vacate and annul the judgment, the court reheard the application and denied it.

*Held,* that the Supreme Court judgment was in the County Court action a mere matter of evidence ; that upon the reversal of the Supreme Court judgment the County Court should, upon terms, grant a new trial;

That a denial of the motion to annul the judgment was proper.

APPEAL by the defendant, William R. Smith, from an order of the County Court of Westchester county, entered in the office of the clerk of the county of Westchester on the 15th day of November, 1893, denying the defendant's motion to vacate the judgment in this action.

*James R. Bowen* and *Isaac N. Miller,* for the appellant.

*Frederick W. Clark,* for the respondent.

CULLEN, J. :

The action was brought in the County Court to foreclose a mechanic's lien. The defendant answered. Upon the trial the parties admitted a judgment of the Supreme Court between the same parties which established the plaintiff's claim for work. Judgment was rendered for the plaintiff. The defendant appealed to this court, and the judgment was affirmed. Subsequently the judgment in the action in the Supreme Court was reversed on appeal. Thereupon the defendant moved on the reversal of the Supreme

Court judgment to vacate the judgment in this action. The County Court made an order vacating the judgment and granting a new trial on terms. Subsequently on an affidavit of the defendant's attorney that his motion was not for a new trial, but to vacate and annul the judgment, the court reheard the application and denied it. From that order this appeal is taken.

Upon these facts it will be seen that the only question presented by this appeal is whether the judgment of the County Court was, or subsequently became void or not. Upon the reversal of the judgment in the action in this court, which judgment was the basis of plaintiff's recovery in the County Court, doubtless that court should, upon some terms, open the judgment and grant a new trial. (*Smith* v. *Frankfield*, 13 Hun, 489.)

This relief the first order of the County Court granted, but the defendant expressly repudiated it. He seeks to annul the judgment and obliterate the proceedings in that court without giving the plaintiff even an opportunity to try his case. The Supreme Court judgment was, in this action, a mere matter of evidence. The jurisdiction of the County Court to render a judgment no wise depended upon its previous rendition. The objection that the recovery in the first action prevented a further recovery in this action was a matter of defense, which, so far as relates to the validity of the judgment here, it is wholly immaterial whether the court decided rightly or wrongly. If wrongly decided, it was but an error to be corrected on appeal. Had the defendant actually paid a recovery in the Supreme Court, which included the claim in this action, it may be that he might have had relief by motion, despite the recovery of two judgments. (*Woods* v. *Pangburn*, 75 N. Y. 495.)

But no satisfaction is alleged in the papers or suggested on the argument. It is further contended that the character of the work performed by the plaintiff did not, under the statute, entitle him to a lien. This, also, was a matter to be determined on the trial of the action, and the judgment is conclusive on it. The only objection that in any way goes to the jurisdiction of the court is, that money having been paid into the court to discharge the lien, thereafter nothing but a common-law action could be maintained by the plaintiff, and that such an action could not be maintained against the defendant in the County Court because he was a non-resident of the

county. We think that the judgment concluded the defendant on this point, but the contention is plainly erroneous. The money deposited stood in lieu of the land for the satisfaction of plaintiff's claim, if he established a valid lien. To reach that fund the plaintiff was obliged to show not only a claim against the defendant, but a lien on the land. The action was, therefore, one to foreclose a lien.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.