DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and orders appealed from affirmed, without costs of this appeal to either party.

---

In the Matter of the Application of MARGARET DEAN, Appellant, for Money Paid Into Court by JOHN D. RUTLEDGE, Respondent.

*Mechanic's lien — effect of depositing money to discharge the lien — chapter 342 of 1885, section 24 — chapter 300 of 1893.*

Under the provisions of section 24 of chapter 342 of the Laws of 1885, a deposit with a county clerk of the amount of money claimed in the notice of a mechanic's lien, with interest, is not a payment thereof, nor is the bond referred to in such section an absolute undertaking to pay the amount of the lien, but either is a substitute, merely, for the property from which the lien is discharged upon the deposit of the money, or the filing of the bond, and the bond can be enforced and the money acquired by the claimant only on his establishing his claim in an action brought for that purpose. While, under such circumstances, there can be no judgment in such an action for the foreclosure of the lien because the lien has been discharged, yet it may be adjudged therein that a claim

FIFTH DEPARTMENT, DECEMBER TERM, 1894. [Vol. 83.

exists which, but for the bond or the deposit, would have entitled the claimant to a judgment of foreclosure.

The rule is unchanged by the enactment of chapter 300 of the Laws of 1893, the only effect of which is to bring the case of moneys deposited in court for the discharge of a mechanic's lien within the rules of the Code of Civil Procedure, in respect to the custody of the funds and the authentication of the order for its payment to the person entitled thereto.

APPEAL by the petitioner, Margaret Dean, from an order of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 20th day of March, 1894, vacating an order directing the clerk of Monroe county to pay to the petitioner the amount paid by the respondent into court to discharge a mechanic's lien, and directing the petitioner to return to and deposit with the said clerk the amount paid to her by virtue thereof, and also from the order of the County Court of Monroe county, entered in said clerk's office on the 4th day of April, 1894, denying the petitioner's motion to vacate the order entered in said clerk's office on the 20th day of March, 1894.

*W. H. Whiting,* for the appellant.

*J. S. Havens,* for the respondent.

DWIGHT, P. J.:

The respondent, John D. Rutledge, was the owner of premises in the city of Rochester against which the appellant, on the 21st day of February, 1894, had filed a notice of lien, under the Mechanic's Lien Law, for the sum of $122. On the ninth day of March, following, the respondent deposited with the clerk of Monroe county the sum of $122, with twenty-eight cents as interest thereon, and the lien was marked, on the docket of liens, as discharged by payment to the clerk. On the tenth day of March the appellant commenced an action in the Municipal Court of Rochester to foreclose the lien, the summons being made returnable on the sixteenth day of March, but on the fourteenth day of the same month the appellant, having learned of the deposit of the amount of her lien and claim, applied to the County Court and obtained an *ex parte* order for the payment to her of such amount, and, on presentation of that order, received the money the same day from the clerk. The respondent duly appeared in the Municipal Court on the return

day of the summons against him, to make defense to the action to foreclose the lien, but that action was not prosecuted, and on the nineteenth day of March he procured an order of the County Court requiring the appellant to show cause why the *ex parte* order procured by her should not be vacated and she be required to restore the money to the custody of the court. On the return of the order to show cause, the facts being made to appear as above stated, the court made the order from which this appeal is taken, vacating the *ex parte* order above mentioned and directing the appellant to restore the money in question to the custody of the court.

The question here presented, like many other questions arising under the Mechanics' Lien Law, is embarrassed by the apparent carelessness which has marked much of the legislation on this subject. In the particular now under consideration the statute of 1885 (Laws of 1885, chap. 342, § 24) provided for the discharge of the lien in several modes — among others, by depositing with the county clerk the amount claimed with interest (Subds. 2, 3), or by the execution, justification of sureties and approval by the court of a bond conditioned for the payment of any judgment which might be rendered against the property. (Subd. 6.)

Under this statute it was uniformly held, as the terms of the statute import, that the deposit of money was not payment nor the bond an absolute undertaking to pay, but that either was a substitute, merely, for the property from which the lien was discharged; that the bond could be enforced or the money realized by the claimant only on establishing his claim in an action brought for that purpose; that while there could be no judgment in such action for the foreclosure of the lien because the lien was discharged, it must be adjudged that a claim existed which, but for the bond or the deposit, would have entitled the claimant to a judgment of foreclosure. (See *People ex rel. Flynn* v. *Butler*, 61 How. Pr. 274; *Copley* v. *Hay*, 34 N. Y. St. Repr. 771; *Cunningham* v. *Hatch*, 45 id. 685; *Brandt* v. *Radley*, 23 N. Y. Supp. 277; *Kruger* v. *Braender*, 3 Misc. Rep. 275.)

But, by chapter 300 of the Laws of 1893, a further subdivision (Subd. 7) is added to section 24, above cited, of the act of 1885, in the following language: " All moneys paid to the county clerk as hereinbefore provided shall be considered as paid into court, and shall be

subject to the provisions of section 745 of the Code of Civil Procedure, and upon such payment the county clerk shall forthwith enter upon the 'lien docket,' and against the lien for the discharge of which said moneys were paid, the words ' discharged by payment.' And thereafter the provisions of section 751 of the Code shall apply as to the repayment or surrender of said moneys. * * *"

It is upon this provision that ·the appellant bases her contention to the effect that the deposit of money under the former subdivision is no longer to be ·regarded as a deposit, merely, to abide the establishment of the claim against the property from which the lien has been discharged, but as payment of the claim, and to be treated as money paid into court to keep a tender good, and as belonging to the claimant from the time of its deposit, and to be surrendered to him, on his application, at any time thereafter.

There is, no doubt, some language employed in the new subdivision which suggests such an effect as that contended for, but we think it very plain that it falls short of accomplishing that result. The apparently careless substitution of the word " payment " in the new provision for " deposit " in the old, cannot have the effect to transform the one into the other, and the sections of the Code of Civil Procedure referred to in subdivision 7 have no reference to the distinction suggested. Section 745 relates merely to the custody of the money paid into court, and section 751 only to the mode of authentication of the order for its payment out of court. And this seems to be the only effect of the new subdivision, namely, to bring the case of moneys deposited in court for the discharge of mechanics' liens within the rules of the Code in respect to the custody of the funds and the authentication of the order for its payment to the person entitled thereto. We find, therefore, that the amendment of 1893 works no change in the nature or effect of the deposit provided for by subdivision 2 of the original section, and, consequently, does not take the case in hand out of the rule established by the decisions before cited.

The order appealed from should be affirmed.

LEWIS and BRADLEY, JJ., concurred; HAIGHT, J., absent.

Order of County Court of Monroe county appealed from affirmed, with ten dollars costs and disbursements.