THE SCHILLINGER FIRE PROOF CEMENT AND ASPHALT COMPANY, Respondent, *v.* WILLIAM H. ARNOTT and Another, Appellants, Impleaded with Others.

*Mechanic's lien — constitutionality of chapter 342 of 1885 — personal judgment — architect's refusal to give a certificate.*

An action to foreclose a mechanic's lien, begun under the provisions of chapter 342 of the Laws of 1885, is triable at Special Term, and that act in depriving the parties of the right to a trial by jury is not unconstitutional.

In an action brought for the foreclosure of a mechanic's lien, the right to a personal judgment is not affected by the fact that in the first instance the parties liable paid into court the amount of the lien, and that this in turn was withdrawn and the personal responsibility of the parties liable was substituted as a condition imposed by the court of permitting the lienor to amend his complaint.

The unreasonable refusal of an architect to give a certificate of the performance of a building contract will not bar a recovery by a lienor, and such refusal must be deemed unreasonable where, upon the same work, the architect gives a certificate to a contractor and refuses it to a sub-contractor to whom the contractor is indebted.

APPEAL by the defendants, William H. Arnott and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of August, 1894, upon the decision of the court rendered after a trial at the New York Special Term, and also from an order entered in said clerk's office on the 30th day of August, 1894, denying the said defendants' motion to strike the cause from the equity calendar.

*Carlisle Norwood* and *Charles B. Reid*, for the appellants.

*B. Lewinson*, for the respondent.

PARKER, J.:

In May, 1890, the defendants, William H. Arnott & Co., entered into a contract with Rachel Cohnfeld as owner, for the erection of a building upon her premises in the city of New York.

Subsequently Arnott & Co. sublet a portion of the work to the plaintiff, "the Schillinger Fire Proof Cement and Asphalt Company." On the 19th day of January, 1891, and within ninety days

after the completion of the contract, the plaintiff filed a notice of lien in the clerk's office of the city and county of New York, in pursuance of the provisions of chapter 342 of the Laws of 1885.

Two days later, and on the 21st day of January, 1891, Arnott & Co., under subdivision 2 of section 24 of said act, deposited with the county clerk a sum of money, equal to the amount claimed in the lien, with interest to the time of said deposit, and thereafter a suit to foreclose the lien was commenced. The suit coming on to be tried at a Special Term of this court in November, 1892, the plaintiff made a motion to amend its complaint, which was granted, one of the conditions being that the plaintiff should consent to Arnott & Co.'s withdrawal of the sum of money which they had deposited with the county clerk and accept in lieu and place thereof their personal responsibility, provided they should give a stipulation to that effect, which they did, and the moneys were thereafter withdrawn. When later the suit came on for trial a motion was made to strike the cause from the equity side of the calendar, on the ground that the defendants were entitled to a trial by jury.

Section 8 of the Lien Law expressly provides that "The manner and form of instituting and prosecuting any such action to judgment, or an appeal from such judgment shall be the same as in actions for the foreclosure of mortgages upon real property, except as herein otherwise provided."

And it has uniformly been held, so far as we have observed, that suits to foreclose mechanics' liens under the act of 1885, like suits to foreclose mortgages, are triable at Special Term.

But the appellants urge that if it be conceded that the statute authorizes the trial of such suits at Special Term, the act is, in such respect, unconstitutional.

The grounds for this contention are so clearly stated and fully met in the opinion of Andrews, J., at Special Term, in overruling the demurrer interposed by the defendants to this complaint (14 N. Y. Supp. 326), that there is no occasion for us to do more than to say that we concur in the views therein expressed.

The appellants further contend that in any event their motion should have been granted, because this case is within the rule stated in *Burroughs* v. *Tostevan* (75 N. Y. 567), and *Dudley* v. *Congre-*

*gation of St. Francis* (138 id. 451), that in an action in the nature of a proceeding *in rem* to foreclose a statutory lien, in which case a personal judgment against some of the parties may follow as incidental to the general relief, such judgment cannot be rendered if the plaintiff fails to establish the lien.

*Burroughs'* case asserts just that proposition, and arose under a mechanics' lien statute, but since then, chapter 342, Laws of 1885 has been passed, section 15 of which provides that, notwithstanding a failure to establish a valid lien, the claimant may recover "against the party or parties to the action for such sum or sums as may appear to be due him and which he might recover in an action upon a contract against said party or parties." Again there was no failure of lien in this action ; on the contrary, the right to enforce it was established by the judgment, and the property was only saved from sale to satisfy the amount due under the lien, because the defendants Arnott & Co. deposited, in the first instance, with the county clerk the sum of money equal to the amount claimed to be due in the notice of lien with interest to the date of deposit, for which was subsequently substituted their stipulation of personal responsibility by command of the court. The deposit of the moneys did not change the character of the suit to be brought by the plaintiff. In order to recover it was necessary for the plaintiff to establish the validity of its lien, which could only be done by a suit to foreclose it, which should result in a judgment in plaintiff's favor. This question was before this court in *Sheffield* v. *Robinson* (73 Hun, 173), and arose under subdivision 6 of section 24, in which case a bond was given to discharge the lien instead of a deposit of money as in this case, but the decision in that case and the reason for it is alike applicable to this one. As the case stood when the court required the plaintiff to accept the stipulation of the defendants, to become personally responsible for the payment of any judgment which should be recovered, and permit defendants to withdraw the money to be used in their business, the plaintiff would become entitled to the moneys after it had been determined by a judgment of foreclosure that it had a valid lien, and not before or otherwise. This situation was not changed by the act of the defendants in substituting their undertaking in place of the moneys then on deposit.

Upon the merits two questions were presented : (1) Whether plain-

tiff had substantially performed its contract with Arnott & Co. (2) If so, whether the refusal of the architect to give the certificate of performance, provided for by the contract, should prevent a recovery.

The first question the court answered in the affirmative, and the facts adduced, which were the subject of elaborate discussion in the opinion of the Special Term, justified the conclusion reached. As to the second, it was decided that the refusal of the architect to give the certificate was unreasonable, and, therefore, not a bar to plaintiff's right to recover. (*Nolan* v. *Whitney*, 88 N. Y. 648 ; *Thomas* v. *Stewart*, 132 id. 580 ; *Crouch* v. *Gutmann*, 134 id. 46.)

It is a significant fact that the architect issued to Arnott & Co. the necessary certificate covering the very work which the plaintiff performed, and which entitled it, under the contract, to payment from the owner. Confronted with this fact upon his cross-examination, the architect attempted to explain how it was that he came to issue the certificate to the contractors, Arnott & Co., that the work had been properly performed, in order that they might collect of the owner, and at the same time refused to issue a certificate to this plaintiff in order that it might, under its contract, recover from Arnott & Co.

His explanation was, in effect, that he issued the certificate to the defendants at the request of the owner in order that a settlement between defendants and the owner might be effected. But this explanation was a most unsatisfactory one, for the owner did not need a certificate in order to settle with the defendants. If she was satisfied with the work which had been done, she needed not the assistance of the architect's certificate in order to pay for it. If she was not satisfied and proposed to insist upon a deduction from the contract price, by reason of faulty work, it certainly did not strengthen her position to have the architect make a certificate, which, under the terms of the contract, bound her to pay the defendants in full. The fact that the work was substantially performed, as found by the trial court, in which finding we concur, together with the other facts contained in the record, and which were, to a considerable extent, commented upon in the opinion of the court at Special Term, justified the holding that the refusal of the architect

to give the certificate, called for by the contract between plaintiff and the defendants, was unreasonable.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment affirmed, with costs.