[S. F. No. 23.    Department Two.—June 18, 1896.]

# KENNEDY-SHAW LUMBER COMPANY ET AL., APPELLANTS v. PIERRE PRIET ET AL., RESPONDENTS.

MECHANICS' LIENS—GENERAL CREDITORS OF CONTRACTOR—CLAIMANTS OF LIENS.—General creditors of the contractor, who have themselves no liens upon the building and premises, are not concerned with the correctness or incorrectness of the finding of the court as to the liens of other claimants; and, upon appeal from a money judgment rendered in their favor against the contractor, they cannot assail findings in favor of the validity of liens claimed by others.

ID.—JUDGMENT PAYABLE OUT OF MONEY DUE CONTRACTOR—ERROR IN FAVOR OF APPELLANT.—Creditors of the contractor, who have no lien upon the building and premises, are entitled only to a money judgment against the contractor, and are not entitled to a judgment providing that the remainder of the fund due from the owner to the contractor, after the payment of liens, shall be distributed between them; but error in such judgment, being favorable to them, cannot be complained of upon their appeal from the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*William H. Jordan*, for Appellants.

Appellants were entitled to be paid in full from the funds found by the court to be due to Fletcher.    (*Reese* v. *Corcoran*, 52 Cal. 495; *Manly* v. *Howlett*, 55 Cal. 96; *Sloss* v. *Allman*, 64 Cal. 47; *Learned* v. *Castle*, 78 Cal. 454.)

*D. H. Whittemore*, for Respondent Priet.

The decree as to Kennedy and Shaw Lumber Company, holding that that corporation was not entitled to a lien, ends their right to object to the findings as to liens of other plaintiffs.    (*Adams* v. *Woods*, 8 Cal. 306.) As the Kennedy and Shaw Lumber Company and Charles M. Depew Planing Mill Company were given no liens, they were not entitled to any judgment against any one but Fletcher, and they have full judgments against him.    There could only be a money judgment against him.    (Code Civ. Proc., sec. 580.)

McFARLAND, J.—This a consolidation of several actions brought by different plaintiffs to foreclose their respective liens as materialmen against a building and premises owned by the defendant Pierre Priet and wife. Judgment was rendered enforcing the liens of all the plaintiffs except the Kennedy and Shaw Lumber Company, and the Charles M. Depew Planing Mill Company. The court found that said two last plaintiffs had no valid liens, and entered judgment in their favor against the contractor merely for the amount due to them from the latter, and refused to enforce their liens. There was also another provision in the judgment, to be noted hereafter. The said two last-named plaintiffs, Kennedy and Shaw Lumber Company and the Charles M. Depew Planing Mill Company, appeal from the whole of the judgment, and from an order denying their motions for a new trial.

The defendant Pierre Priet made a contract with one Fletcher, by which the latter was to erect a building upon certain land of Priet for the sum of $18,997, but said contract was never recorded. The court found, however, that Fletcher erected the building, and did $1,100 worth of extra work, and that $20,097 was the amount of the reasonable value of the work done by Fletcher. It found, also, that Priet had paid Fletcher for the work $14,212, leaving a balance of $5,885. It also found that the said two appellants had furnished materials to Fletcher, for which he was owing the Kennedy and Shaw Lumber Company $3,841.39, and the Depew company $1,129.97, for which two sums judgment was entered against Fletcher in favor of the said two appellants respectively; but it was found that neither of said two appellants had any valid lien against the property. It found, however, that the aggregate amount of the liens of all the other plaintiffs was $1,721.73 less than the amount which Priet owed Fletcher; and it was adjudged by the court that after the payment of the liens of said other plaintiffs the said sum of $1,721.73 should be paid by Priet to said two appellants in pro-

portion to the amounts of their judgments against Fletcher.

Appellants do not attack the findings that they have no valid lien. Their main attacks are upon the findings that the liens of the other plaintiffs were valid; and, contending that said findings as to said other liens were erroneous, they say that the whole of the money due from Priet to Fletcher should be applied to the satisfaction of their judgments against Fletcher. But, as the appellants have themselves no liens against the building and premises, they are not concerned with the correctness or incorrectness of the findings of the court as to the liens of the other plaintiffs. We see no warrant for that part of the judgment which decrees that the $1,721.73 should be paid by Priet to these appellants. This is not a creditor's bill, nor a garnishment. The appellants brought their actions to recover judgment against Fletcher for the amount which he owed them for the materials furnished, and for liens against the property of Priet; and, having no liens, they were entitled only to a money judgment against Fletcher. That part of the judgment which decrees that the $1,721.73 owing by Priet to Fletcher, after the payment of the other liens, should be distributed between these appellants, while erroneous, is still an advantage to the appellants, of which they cannot complain.

In the brief of respondents it is asked that the appeals be dismissed, for the reason that the notice of the motion for new trial was directed only to Priet and wife, and the notice of appeal was not served upon Fletcher. The appeal from the order was heretofore dismissed; and, under the views we have taken of the case, it is not necessary to determine that question as to the judgment.

The judgment is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.