[S. F. 452.   Department Two.—November 27, 1896.]

## KENNEDY & SHAW LUMBER COMPANY ET AL., RESPONDENTS, *v.* PIERRE PRIET ET AL., APPELLANTS.

MECHANICS' LIENS—FORECLOSURE—ERRONEOUS JUDGMENT FOR CREDITORS NOT LIENHOLDERS—OFFER OF OWNER.—In an action for the foreclosure of the liens of mechanics and materialmen, creditors who are found not to be lienholders can neither have any recourse against the owner's property, nor any personal judgment against him, nor can such persons be deemed included in an offer of the owner to pay the amount due the contractor to the persons claiming to be lienholders, in proportion to their respective claims, whenever the respective amount due to each lienholder is determined.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   EUGENE R. GARBER, Judge.

The facts are stated in the opinion of the court.

*D. H. Whittemore,* for Appellants.

*William H. Jordan,* for Respondents.

HENSHAW, J.—The Kennedy & Shaw Lumber Company, the Depew Planing Mill Company, and others,

commenced their actions to foreclose mechanics' and materialmen's liens upon the property of appellant Priet. The actions were consolidated. Fletcher, the contractor, suffered default. Priet, the owner, answered, setting up a contract with Fletcher, and naming the sum due and unpaid thereon. He averred that he was "ready to pay said sum of five thousand eight hundred and eighty-four dollars and fifty cents so due to said Fletcher to the said persons so claiming to be lienholders, in proportion to their respective claims, whenever the respective amount *due to each lienholder* is determined."

The court held the contract between Priet and Fletcher to be void. It decreed liens to all of the other plaintiffs excepting the respondents herein. It was held that they had no liens. A judgment was awarded the lienholders for the sale of the property, and the court, then subtracting the aggregate amount due the lienholders from the five thousand eight hundred and eighty-four dollars and fifty cents above mentioned, adjudged that Priet should pay the difference, amounting to seventeen hundred dollars, to these respondents.

It was intimated upon a former appeal in the case that this portion of the judgment (which is the portion here appealed from) was erroneous. (*Kennedy-Shaw Lumber Co.* v. *Priet,* 113 Cal. 291.) Respondents' arguments have not modified our views. The judgment is a somewhat curious attempt to treat the action as a creditor's bill.

Respondents, not being lienholders, could neither have any recourse against the owner's property nor any personal judgment against him. (*Southern Cal. Lumber Co.* v. *Schmitt,* 74 Cal. 625; *Santa Clara etc. Co.* v. *Williams,* Cal., Dec. 18, 1892.) Yet personal judgment was what was given them.

No support can be found for this judgment in the offer of the answer above quoted. Not being lienholders the offer did not run to them.

The portion of the judgment appealed from is ordered vacated and annulled.

TEMPLE, J., and McFARLAND, J., concurred.