[Sac. No. 1620. In Bank.—March 26, 1909.]

STOCKTON LUMBER COMPANY (a Corporation), Appellant, v. WILLIAM C. SCHULER et al., Respondents.

MECHANICS' LIENS—PAYMENT OF CONTRACT PRICE INTO COURT—FUND TAKES PLACE OF LAND.—In an action for the foreclosure of mechanics' liens against a lot and a building erected thereon under a valid contract, the owner of the property may pay into court the money due from himself to the contractor, in order to save his property from sale. Under section 1183 of the Code of Civil Procedure, such unpaid balance of the contract price is a fund set apart for the satisfaction of lien claimants, and takes the place of the land, and is to be distributed among the parties entitled thereto according to their respective priorities and equities.

ID.—CLAIMANTS NOT ESTABLISHING LIENS CANNOT PARTICIPATE IN FUND—JUDGMENT TOO FAVORABLE TO APPELLANT.—No lien claimant who fails to establish his right to a lien is entitled to share in such fund. A judgment, however, which accords him such right, after payment in full of all valid liens, will not be reversed at his instance, where neither the owner nor the contractor raises any objection to such disposition of the balance of the fund.

ID.—CLAIM OF LIEN—FAILURE TO CREDIT PAYMENT—MISTAKE DUE TO INADVERTENCE.—A claim of lien, in which the claimant fails to give credit for a payment which had been made him, as the result of an inadvertence and with no intent to defraud, is not invalidated by such mistake.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing a new trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, for Appellant.

R. C. Minor, for Respondent Stockton Planing Mills.

Nicoll & Orr, for Respondent Schuler.

SLOSS, J.—Five actions for the foreclosure of mechanics' liens were consolidated for trial. The building affected by the proceedings was one erected by the defendant Brown, as contractor, upon property owned by the defendant Schuler,

pursuant to a contract entered into between them. The plaintiff in each of the five actions proceeded upon the theory that the contract was void. The owner asserted the validity of the contract, and the court found in his favor on this point. As to all the lien claimants except one, a nonsuit was granted on motion of the owner, on the ground that they had failed to prove their right to a lien. The fifth, the Stockton Planing Mills (Buell and Thomas) was found to have a valid lien to the amount of $266.65.

The total contract price agreed to be paid by the owner to the contractor was $2387.00, twenty-five per cent of which, was, by the terms of the contract, made payable thirty-five days after completion. In his answer, the owner offers to pay this twenty-five per cent into court, for the benefit of the parties who may be found entitled to receive it, and it was so paid by him. The court, finding that all other payments due from the owner to the contractor had been made, ordered judgment whereby the claim of Buell and Thomas, the only plaintiffs, who had succeeded in establishing their right to a lien, was directed to be first paid out of the sum paid into court by the owner. The balance of said sum (which was not sufficient to pay off the other claimants in full) was ordered to be applied *pro rata* to the satisfaction of the amounts found to be due such other claimants from the contractor.

The Stockton Lumber Company, plaintiff in one of the consolidated actions, appeals from this judgment and from an order denying its motion for a new trial.

But two points are made. In the first place it is urged that, conceding the correctness of the finding that Buell and Thomas were entitled to a lien, yet that lien could not attach to the money paid into court by the owner, so as to entitle the lien-holders to a priority over claimants who had failed to establish a lien. The argument seems to be that because the code (Code Civ. Proc., sec. 1183) gives a lien upon the "property" upon which labor is bestowed or materials furnished, the benefit of such lien can be had only by a sale of the property, and is lost when the owner releases his property by paying into court the amount for which it is liable. But by the terms of the same section (1183) the lien, in the case of a valid contract, extends to the contract price, and such contract price is the limit of the liability which may be imposed upon

the owner or his property. (*Kellogg* v. *Howes,* 81 Cal. 175, [22 Pac. 509]; *Gibbs* v. *Tally,* 133 Cal. 373, [65 Pac. 970]; *Stimson Mill Co.* v. *Braun,* 136 Cal. 122, [89 Am. St. Rep. 116, 68 Pac. 481].) The unpaid balance of such contract price is a fund set apart for the satisfaction of lien claimants, and a charge upon the land to secure the payment of this balance to them is created for their benefit. No unsecured creditor of the contractor, such as the materialman or mechanic failing to establish a lien, has any claim whatever against the owner or his property. (*Southern Cal. Lumber Co.* v. *Schmitt,* 74 Cal. 625, [16 Pac. 516].) Nor can he have, as against holders of valid liens, any claim upon the fund set apart by law for lienors. That this is a correct definition of the rights of the parties would not, if we understand appellant's position, be disputed if, instead of the money having been voluntarily paid into court, the decree had directed a sale of the premises. In that event, the proceeds of such sale, to the extent of the unpaid portion of the contract price, would have been applicable, in the first instance, to the payment of those plaintiffs who had been adjudged to have liens. The situation is not changed where the owner, instead of permitting his property to be sold, pays into court the amount for which the property is held. The lien, as has been said, is a mere charge upon the land to secure this amount, and where the owner releases the land from this charge by paying the sum due, the money so paid takes the place of the land, and is to be distributed among the parties entitled according to their respective priorities and equities. That the owner may, in an action of this kind, properly pay the money into court in order to save his property from sale, has been declared by this court on several occasions (*DeCamp Lumber Co.* v. *Tolhurst,* 99 Cal. 631, [34 Pac. 438]; *Wilson* v. *Nugent,* 125 Cal. 280, [57 Pac. 1008]), and no sufficient reason is suggested for deciding that this act of the owner, to which the lien-holder is not a party, can operate to deprive the latter of the rights conferred on him by the constitution and the code. In New York, where the statute authorizes the owner to discharge liens by depositing in court the amount claimed, it is thoroughly settled that, upon such deposit being made, the lien is shifted from the land to the fund in court, and that no lien claimant who fails to establish his right to a lien is entitled

to share in such fund. (*Ward* v. *Kilpatrick,* 85 N. Y. 413, [39 Am. Rep. 674]; *Dunning* v. *Clark,* 2 E. D. Smith 535; *People* v. *Butler,* 61 How. Pr. 274; *Raven* v. *Smith,* 76 Hun, 60, [27 N. Y. Supp. 611]; *In re Dean,* 83 Hun, 413, [31 N. Y. Supp. 959]; *Schillinger etc. Co.* v. *Arnott,* 86 Hun, 182, 33 N. Y. Supp. 343, affirmed 152 N. Y. 584, [46 N. E. 956].) We have no doubt that this rule is equally applicable under our statutes and the practice established in this state. Accordingly the appellant, failing to perfect a lien, was entitled to no part of the surplus, even after payment in full of the valid lien (*Kennedy Shaw Lumber Co.* v. *Priet,* 115 Cal. 98, [46 Pac. 903]), but, as neither the owner nor the contractor raises any objection to this disposition of the balance of the fund, the most that can be said is that the judgment is too favorable to appellant. (*Kennedy Shaw Lumber Co.* v. *Priet,* 113 Cal. 291, [45 Pac. 336].)

It is further urged by appellant that the court erred in finding that the respondents Buell and Thomas were entitled to a lien. Waiving the question whether a claimant who has no lien is in a position to attack the decision giving a lien to another (see *Kennedy Shaw Lumber Co.* v. *Priet,* 113 Cal. 291, [45 Pac. 336], 115 Cal. 98, [46 Pac. 903]), there is no merit in the appellant's contention. The point made is that Buell and Thomas filed a claim of lien in which they failed to give credit for a payment which had been made to them. But, on the evidence, the court was fully justified in concluding that the error in the amount claimed was the result of an inadvertence, and not of an intent to defraud. Under these circumstances, the mistake did not invalidate the lien. (*Snell* v. *Payne,* 115 Cal. 218, [46 Pac. 1069]; *Continental B. and L. Assoc.* v. *Hutton,* 144 Cal. 609, [78 Pac. 21].)

The judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Melvin, J., Henshaw, J., and Beatty, C. J., concurred.