[Civ. No. 1095.   Second Appellate District.—June 7, 1912.]

NATIONAL LUMBER COMPANY, a Corporation, Appellant, v. G. W. WICKLIFFE, Respondent.

MECHANIC'S LIEN — FORECLOSURE — PLEADING — AMOUNT OF CONTRACT PRICE NOT STATED—PRESUMPTION OF VALIDITY.—Where a mechanic's lien was sought to be foreclosed upon a building constructed at a time when, under section 1183 of the Code of Civil Procedure, as it then stood, no contract of $1,000 or less need be recorded, and the complaint to enforce the lien failed to state the contract price, which does not appear in the record, it must be presumed, under the rule for the construction of pleadings, that the contract was for $1,000 or under, and was valid.

ID.—EFFECT OF VALID CONTRACT—LIMITATION OF RIGHTS TO CONTRACT PRICE.—Where the contract is valid, the only rights possessed by laborers or materialmen is to cause the contract price to be applied to the payment of their demands. The lien, in the case of a valid contract, extends to the contract price, and such contract is the limit of the liability which may be imposed upon the owner or his property.

ID.—INSUFFICIENT COMPLAINT AND PROOF—LIEN—NOTICE TO WITHHOLD PAYMENT—FINDINGS—PROPER JUDGMENT FOR DEFENDANT.—Where the complaint to foreclose a lien and to enforce a notice to withhold payment alleges that the goods were sold to the contractor, and that a notice was served upon the owner to withhold payment from the contractor, and that the contract was unwritten and was not recorded, but not only fails to state the contract price, but fails to allege that any sum was in the hands of the owner and due to the contractor when the lien was filed or such notice to withhold was

given, and there is neither allegation nor proof showing the invalidity of the contract, there can be no judgment for the plaintiff; and where there is evidence supporting findings for the defendant, the court properly rendered judgment for defendant for costs.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

G. W. Wickliffe, and P. M. Nash, for Respondent.

ALLEN, P. J.—The action is one to foreclose a mechanic's lien.  The complaint originally set forth two causes of action. Plaintiff dismissed as to the first cause of action and the case proceeded to trial upon the second.  This alleged the ownership by defendant of a parcel of ground; that a contract was entered into between the owner and a certain corporation for the construction of a dwelling on the property for the sum of $———, under and by the terms of which said contractor agreed to furnish materials and labor and perform the contract; that the contractor purchased of plaintiff the materials mentioned in the complaint; that the same were sold to be used and were actually used in the construction of the house; that the house was completed on the second day of November, 1908, and no notice of completion has ever been filed; that on January 29, 1909, plaintiff filed its claim of lien, and on the twenty-seventh day of January, 1909, served upon the owner a stop-notice under section 1184, Code of Civil Procedure. The answer denied the material allegations of the complaint, and upon the trial it was stipulated that the allegations of the complaint were true, except as to the labor and materials done and furnished on the 2d of November, 1908, and of the date of the completion of the building.  Upon these issues the court found in favor of defendant, and found that the building was in fact completed on the 22d of October, 1908, except for a certain lock for the front door and a certain lock for a sliding door which were furnished by plaintiff and put into said building on the 2d of November, 1908, at the request

of defendant, in place of other locks placed therein prior to October 22d, which had also been furnished by plaintiff; that defendant took possession of said building and moved into the same on the 24th of October, 1908; that the changing of the locks on November 2d was the correction of a trivial imperfection in the work. There is evidence in the record tending to support these findings. The court found that plaintiff was not entitled to any lien against the property and gave judgment for defendant for costs. A motion for a new trial was filed, which was denied, and plaintiff appeals from the judgment and from the order denying a new trial, upon a bill of exceptions.

It will be observed that the contract was entered into and all work connected with the construction of the building performed before the amendment to sections 1183 and 1184, Code of Civil Procedure (Laws 1911, p. 1313). As section 1183 stood at the time of this contract and work, no contract of $1,000 or under need be reduced to writing or recorded. To the original complaint a demurrer was filed, specifically pointing out the defect in not stating the contract price. The demurrer being sustained, plaintiff amended its complaint, but made no attempt to cure the defect, and the case proceeded to trial without any matter appearing in the complaint as to the amount of the original contract price, nor does such amount appear in the record. If, therefore, the contract was for $1,000 or under, which must be presumed under the rule for the construction of pleadings, it was valid, and the only rights possessed by laborers or materialmen was to cause the contract price to be applied to the payment of their demands. In *Stockton Lumber Co.* v. *Schuler,* 155 Cal. 412, [101 Pac. 308], it is said: "The lien, in the case of a valid contract, extends to the contract price, and such contract price is the limit of the liability which may be imposed upon the owner or his property."

The second cause of action alleges that there never was any written contract, nor any contract filed for record, which is followed by the statement that the contractor was acting as the agent for the owner in the premises and as such agent purchased the materials set forth. Taking the whole allegation together, it is not an attempt to allege a sale by the plaintiff to the defendant through an agent in fact, but a statement

of the condition arising by noncompliance with the statute with reference to the recordation of a written contract where such is required by section 1183, Code of Civil Procedure, and the stipulation that the allegations of the complaint were true can be said to extend no further than that the contract was not in writing and was not recorded, but cannot be construed as an admission of an independent purchase by defendant, for it elsewhere appears affirmatively in the complaint that the purchase was not made by defendant, but that the goods were sold and delivered to the contractor.    There is no allegation in the second cause of action that any sum was in the hands of the owner and due the contractor at the time the alleged stop-notice was delivered or the lien was filed.    We do find such allegations in the first cause of action, but they were not repeated and formed no part of the second.    There was, therefore, nothing upon which the stop-notice could have an effect, if the contract were a valid one.    All intendments being in favor of a judgment, it must be concluded that the contract and papers before the court were such as to justify the court in its rendition of a judgment for the defendant, for the court finds, notwithstanding the failure to file for record, that defendant was entitled to a judgment.    This judgment was warranted upon the theory that the contract was valid without recordation.    If the contract were a valid one and the whole amount thereof paid under its terms before filing the notice of lien or stop-notice, nothing remained in the owner's hands upon which the notice of lien could operate, regardless of the question of completion of the building or the effect which should be given to section 1187.

Our conclusion, therefore, is that no facts showing the invalidity of the contract were either pleaded or proven, and the plaintiff's rights depend upon the fact whether or not the owner had any money in his possession belonging to the contractor at the time of the service of notice or filing of lien. There being no claim in that regard, the judgment and order of the trial court should be affirmed, and it is so ordered.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1912.