ALBANY,
October, 1830.

Johnson
v.
Steam-Boat
Sandusky.

---

### JOHNSON *vs.* THE STEAM-BOAT SANDUSKY.

A party who has furnished *wood* as fuel for a *steam-boat,* is not entitled to the *remedy* given by the act *authorizing the arrest of ships or vessels* for debts, &c.
The *supplies* contemplated by the act are such as enter into the construction or equipment of the vessel and become a part of her, and not such articles as are daily consumed and constantly replaced-

THIS was an action of assumpsit, tried at the Albany circuit in September, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The steam-boat Sandusky was attached under the acts authorizing the *arrest of ships or vessels* for debts, &c. The

plaintiff declared for work and labor in and about the building, repairing, fitting, furnishing and equipping the steamboat, and finding and providing her with *supplies, materials* and other necessary things.    To the declaration was attached an *account* consisting of various items, viz. for *wood; cash paid* for carting of same, for rent of wood lot, for discount on monies, and for expenses incurred in transacting business; *wages* for three months, and *cash paid* to sheriff.    Issue being joined, the cause was tried, and the plaintiff proved that he had furnished large quantities of wood for the steam-boat ; that he provided a barrel of flour for her, and that he paid the sheriff of Albany $75, to release her from an execution which had been levied upon her.    It appeared that the plaintiff charged the boat no more per cord for the wood than he paid in buying it, and that he was the agent of the boat in supplying her with wood.    The counsel for the owners of the boat insisted that the plaintiff on this evidence was not entitled to proceed under the statute for the recovery of his demands, and the judge ruled and so charged the jury, that the act under which the suit was instituted was intended for the protection of such mechanics and tradesmen as might be engaged in building, repairing and equipping ships or vessels, and furnished such materials as might be necessary for building, repairing or equipping such ships or vessels for sea ; such as timber, iron, pitch, paint, sails, cordage and the like ; but that such items as were specified in the account appended to the declaration could not be recovered in a proceeding under the act, nor was the plaintiff entitled to recover for advances as agent of the boat.    The plaintiff excepted, and the jury found a verdict for the defendant, which was now moved to be set aside.

*J. King,* for the plaintiff.    The judge erred in passing upon the sufficiency of the cause of action ; it was his duty to have tried the issue ; he could not have nonsuited the plaintiff, 2 *Wendell,* 158, and yet he charged the jury that the plaintiff was not entitled to recover.    If the proof supported the declaration, the plaintiff ought to have had a verdict, leaving the defendant to a motion in arrest of judgment, which, if decided against the plaintiff, would have saved him from costs.

**ALBANY,**
October, 1830.

Johnson
v.
Steam-Boat
Sandusky.

ALBANY,
October, 1830.

Johnson
v.
Steam-Boat
Sandusky.

The language of the act under which the steam-boat was attached is sufficiently broad and comprehensive to authorize a recovery in this case. It declares that the vessel shall be liable for all debts contracted by the master or owner on account of *work done* or *supplies* furnished by any mechanic, tradesman or others, for, on account, or towards the furnishing of such vessel. 1 *R. L.* 130, *and the amendatory act, passed 28th February,* 1817. These acts have been adjudged to extend to vessels navigating the Hudson. 1 *Wendell,* 557. *Wood* for steam-boats is as necessary as *sails* for ordinary vessels. The counsel insisted that the evidence did not establish the fact that the plaintiff was the *agent* of the owners.

*B. R. Wood,* for the owners. The remedy created by the statute was not intended to apply to a case like this. The statute gives a lien for supplies or materials furnished towards the building, repairing, fitting, furnishing or equipping the *vessel;* meaning such supplies or materials as when used would become a constituent part of the vessel. The proof shewed the plaintiff was the *agent* of the owners, and for services or advances in that character he cannot avail himself of this remedy, but must resort to his personal action.

*By the Court,* SUTHERLAND, J. The money paid the sheriff to liberate the boat from the execution under which he held her cannot be recovered in this form of proceeding. The object of the act was to give a preference to a particular class of debts incurred in the building and equipping of vessels, and not to give a general lien for all advances made for the benefit of the owners in respect to the vessel. It would hardly be contended that the butcher, or baker, or grocer, who supplied a steam boat, would have a lien under this act. The supplies contemplated by the act, it appears to me, must be such as enter into the construction or equipment of a vessel and become a part of her, and not such articles as are daily consumed and constantly replaced. They must be such as go towards the *building, repairing, fitting, furnishing* or *equipping* a vessel; and although fuel is as necessary to propel a steam-boat as sails are to an ordinary vessel, still there

is a manifest distinction in the nature of the two articles, which seems to me to bring the one within the operation of this act and exclude the other.

Again ; it appears that the plaintiff was not engaged in the business of buying and selling wood. He purchased only for this boat, or this and her associate ; and I think the evidence leaves no doubt that he acted, in this respect as well as in others, as an agent for the boat or her proprietors, to furnish her with her ordinary supplies. He furnished the wood at the same price he gave, shewing conclusively that he purchased for the boat, and not for himself, and that he acted as an agent for the concern ; and although in that capacity he probably advanced his own funds or pledged his individual credit for the articles which he furnished, he is not entitled to the prompt and peculiar remedy given by the act in questoin.