## CROOKE & FOWKE vs. SLACK and others.

A steamboat may be proceeded against by *attachment* for a debt contracted by the master, &c. for *wood* furnished the boat to supply her furnaces. The language of the Revised Statutes is broader than that of the act of 1798, under which it was held that a debt contracted for *wood* was not a lien.

PROCEEDINGS against ships and vessels. This was a motion to set aside the report of a referee, to whom had been referred the claim of the plaintiffs in an action on a bond executed by the defendants, to obtain the discharge of a steamboat from an attachment issued against her. The only question in the case was whether a debt contracted for *wood*, furnished a steamboat to supply her furnaces, was a *lien* within the act authorizing proceedings against ships and vessels by attachment. The referee decided that it was within the act, and accordingly allowed the plaintiffs' claim.

*M. T. Reynolds*, for the defendants.

*S. Stevens*, for the plaintiffs.

*By the Court*, NELSON, Ch. J. I am inclined to think that *wood* or *coal* furnished a steamboat for her usual trips should be construed as coming within the terms of the statute giving a *lien* and summary remedy, for the collection of the debt created thereby against ships and vessels, 2 *R. S.* 493, § 1. The terms of the act are, whenever a debt shall be contracted " for such *provisions* and *stores*, furnished within this state, as may be fit and proper for the use of such vessel," &c. The word *provisions*, strictly considered, would be confined to such articles as enter into the food or subsistence for hands and passengers ; but *stores* is a more general term, and may fairly embrace the article in question.

In *Johnson* v. *The Steamboat Sandusky*, 5 *Wendell*, 510, the court would, I think, have embraced *wood* within the term

*supplies*, used in the act of 1798, 1 *R. L.* 130, had it not been for the connection which seemed to confine it to such articles as enter into the construction or equipment, and became a part of the vessel itself. To avoid this difficulty the language has been varied and transpose in the Revised Statutes, and this case is therefore taken out of the authority of that above cited.

Motion denied.