Read, J.
The determination of this case involves the consideration of the first section of the act for the collection of claims against steamboats, and other water-craft, which provides:
“ That steamboats, and other water-craft, -navigating the waters *392 within, or bordering upon this state, shall be liable for debts contracted on account thereof, by the master, owner, steward, consignee, or other agent, for materials, supplies, or labor, in the building, repairing, furnishing, or equipping the same,” etc. Swan’s Stat. 209.
Do the provisions of the act extend the remedy against the boat, to caSes ox px’ovisions, and articles of food,.supplied for the use of the crew and passengers, to be consumed in the use and navigation of the boat?
The counsel for the plaintiff in error contend that the statute only gives remedy against the boat for such supplies and materials, or articles as are employed in the building, repairing, furnishing, or equipping of the boat, such as become a part of her, and not such as are daily consumed and replaced.
*This construction is too narrow to meet the intention of the legislature.
The mischief intended to be remedied, was the difficulty of collecting debts due from the owners of boats, for articles furnished for their use, and for the recovery of damages sustained to persons or property by boats, and by the conduct of the crew.
The difficulty of hunting up the owners of-the boat, induced the legislature, in all cases, to substitute the boat, in their stead, and treat her, for the purposes of a suit, as a person, and sell her out to satisfy the judgment which might be recovered. And, further, make the boat responsible for any injury done to any passenger, or property on board. >
The ease with which persons navigating our waters could escape legal pi’ocess; avoid the payment of debts contracted for the use of the boat; and the impunity with which the persons navigating them could inflict injury upon pei’sons and property; the irresponsible character, oftentimes, of the officers and crew; the difficulty of obtaining names, and of identifying persons, induced the legislature, wisely, to make the boat itself responsible lor the payment of all debts, and the good conduct of the officers of the boat.
To limit the statute, as the plaintiff claims, would to a great extent defeat this object; for it is known that the supplies for the tables upon our boats is a very important item of expense; and is absolutely necessary for the use of the boat. The legislature could hardly have intended to make them an exception.
*393 But do not articles of provision come within the very words of the statute? The boat shall be liable for debts contracted “by the master, owner, steward, and for materials and supplies, etc., in building, repairing, furnishing, etc., the same.” For debts contracted by the steward, for supplies in furnishing the boat. Is a boat furnished that has on board no provisions? What supplies does the steward furnish ? Only the chairs, tables, etc., of the boat ? All understand, when speaking of supplies furnished by the steward of a boat, that it relates to the supplies of the table. It is his duty to oversee the culinary department; *to furnish and supply the boat with eatables, and all articles for the use of the table. Such being the ordinary understanding of the'whole community, when speaking of the steward and his supplies, it can not be presumed that the legislature intended to use these words in any other than their ordinary sense.
But it is said our statute is copied from a statute in the State cf New York, entitled “an act directing the mode of proceedings for the collection of demands against ships and vessels,” and that they have construed their statute to relate to only such things as enter into and become a part of the vessel. Johnson v. The Steamboat Sandusky, 5 Wend. 510. The words of their statute are: “ For work done, or materials or articles furnished in this state, toward the building, repairing, fitting, furnishing, or supplying such vessel.” For such provisions and stores furnished within this state, as may be fit and proper for the use of such vessel at the time when the same were furnished. The words “ steward ” and “supplies” are not in this statute.
It is presumed if the legislature intended to adopt this law, that they were aware of its construction, and inserted the words, “steward” and “ supplies” to avoid it; if not, why not adopt the statute in its very words ? But our statute and the Now York statute are very dissimilar. The New York statute is nothing but a lien law, authorizing the seizure of the boat. Our statute treats the boat as a person, and makes it responsible in its own name for all debts contracted for its use, and for all injuries committed against person or property on board by her officers or crew. We feel ourselves forced to the conclusion, both by tho words and the object of the statute, to say it extends to debts contracted for provisions and supplies for the table, and to everything necessary to be supplied for the use. of persons on board the *394 boat. This statute is equitable in its object, making it the interest of owners to intrust their boats only to responsible officers and crews, and will receive a liberal construction to carry the design of its enactment into .effect,
*The boat is treated as a person capable of contracting debts, and becoming liable for money demands. Her responsibility is n:t in the nature of a lien. Her departure from the place where she contracted the debt is no discharge of the responsibility, but she will be liable to be called upon whenever she may return or be found within our jurisdiction.
This answers the objection taken that the boat had been permitted to depart after she had contracted the debt, and engage in her ordinary business before she was called upon to pay it This can not be set up as a defense. Judgment affirmed.