(3 Misc. Rep. 47.)

HEINLEIN et al. v. MURPHY et al.

(City Court of Brooklyn, General Term.  March 27, 1893.)

1. MECHANIC'S LIEN—TIME OF FILING.
    A mechanic's lien for the whole contract price filed before all the work is done or all the materials furnished is valid, provided the balance of the contract is thereafter fully completed.
2. SAME—ACTION AGAINST SURETIES ON BOND.
    It was proper for a contractor to first sue and recover judgment against the owner on a claim for which a mechanic's lien had been filed, and then, being unable to collect that judgment, to sue the sureties on the bond given to discharge the lien.

Appeal from special term.

Action by John Heinlein and others against James Murphy and others, sureties on a bond given to discharge a mechanic's lien. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Dana & Clarkson, for appellants.

H. C. Conracy, for respondents.

VAN WYCK, J.  The plaintiffs, having recovered judgment against the owner on a claim for which a mechanic's lien had been filed, and being unable to collect the same, then brought this action against the sureties on the bond given to discharge the lien, and recovered judgment against them for the amount of the claim and interest, and from this latter judgment this appeal is taken. The appellants' counsel contends that the same should be reversed on several grounds, but we are unable to agree with his propositions for the following reasons: We think a contractor can file a valid mechanic's lien for the whole contract price before all the work is done, or all the materials furnished, provided the balance of the contract

is thereafter fully completed, according to the terms thereof. Laws 1885, c. 342, §§ 1, 4; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. Rep. 1017. In our opinion, the plaintiff was regular in first suing and recovering judgment against the owner, and, being unable to collect the same, then in suing the sureties on the bond given to discharge the lien, though we do not feel called upon to decide whether or not the bondsmen could have been made parties to the first action. The first action having been brought within a year from the date when the mechanic's lien was filed, it was not discharged by lapse of time. Section 24, subd. 4. Then, again, in section 24, subd. 6, it seems to have been contemplated that the liability of the sureties should be predicated upon a judgment recovered on the mechanic's lien against the owner. Lawson v. Reilly, 13 Civil Proc. R. 290. It is very questionable whether appellants can complain for the first time on appeal that the action was not brought against the sureties within a year from the date of filing the lien, when they raised no such question on their motion to dismiss, or by suitable requests for findings before the trial court. If any such question had been suggested before the trial court, it might have been met by showing an order of the court extending the time to bring the action. Section 24, subd. 4. It is true that plaintiffs agreed, in consideration of the assignment of an alleged claim of $2,000, and the payment thereof to them, to release the sureties from their obligation, but the assignment was never made, and no payment was ever made, and, as a consequence, the sureties were not released.

The judgment must be affirmed, with costs.