ROBERT W. FIRTH, Respondent, *v.* CATHARINE A. C. G. REHFELDT, Appellant, Impleaded with Others.

*Mechanic's lien — failure of the owner to pay the contractor in an agreed manner — the contractor may file a lien before, but he cannot enforce it until after, the owner defaults.*

A contractor who does work upon real property under a contract, by which the owner agrees to pay him therefor as soon after the completion of the work as she can raise a first mortgage on the premises for a sufficient sum of money to pay a then existing mortgage and the costs of the improvements contemplated by the agreement, may file a mechanic's lien against the property after the contract has been substantially performed and payment has been earned, although he cannot enforce such lien until the owner is in default in respect to the payment agreed to be made.

Upon the owner's refusal of the contractor's offer to make the owner a loan which would enable her to pay off the existing mortgage, and to accept from her a mortgage upon the premises for the amount of his claim, the owner is placed in default and the contractor may properly commence an action to foreclose his mechanic's lien.

APPEAL by the defendant, Catharine A. C. G. Rehfeldt, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of May, 1897, upon the report of a referee.

The action was brought to foreclose a mechanic's lien.

*Edmund Luis Mooney,* for the appellant.

*E. Raymond,* for the respondent.

WILLARD BARTLETT, J.:

The owner of the property against which the plaintiff seeks to enforce a mechanic's lien appeals from a judgment of foreclosure and sale. The work was done upon premises on Henry street in Brooklyn, under a written contract which provided that the owner should pay the sum of $3,825 therefor as soon after the completion of the work as she could raise a first mortgage on the premises for a sufficient sum of money to pay a then existing mortgage, and the cost of the improvements contemplated by the agreement, together with the expenses of procuring such first mortgage.. The contract further provided for the payment of six per cent interest on $3,825 to the plaintiff, from the date of the completion of the work to the date when the principal sum should be paid, and declared that said principal sum and interest should be secured by the bond and mortgage of the owner.

The particular property on which the work was to be done was not indicated in the body of the contract, but at the beginning of the specifications attached thereto it was described as No. 379 Henry street. Further on, however, the specifications provided for building up "the door opening in party wall between Nos. 379 and 381."

The contract was dated June 5, 1895, and required that the work should be completed on September 1, 1895. It was not in fact finished until ten weeks later, but the referee excuses the plaintiff for the delay on account of the interference of the defendant with the due progress of the alterations. The referee finds that the plaintiff substantially performed the contract on his part, although making a small deduction from his claim; and he also allows the plaintiff a small

sum for extra work, making an aggregate of $3,808, for which amount, together with interest, he directed judgment.

As to the lien, the referee reports as follows : " When plaintiff had completed his contract, plaintiff expressed to the defendant, Catharine A. C. G. Rehfeldt, a willingness to accept a mortgage upon the premises hereinbefore described for the amount of his claim, together with the bond of Mrs. Rehfeldt, to be secured by said mortgage, as was provided by his contract with Mrs. Rehfeldt he was to take in satisfaction of his claim for his work and material, but Mrs. Rehfeldt refused to execute or deliver them to him, and the plaintiff thereupon became entitled to be paid in cash for his said work and materials ; and not being paid therefor did, on the 28th day of December, 1895, within ninety days after the completion of his contract, file a notice of lien in writing with the clerk of Kings county, claiming under the statute in such case made and provided, a lien upon the premises hereinbefore described, for the amount due to him for the work performed and materials furnished by him in making alterations on the building on said premises."

The lien thus filed was against the lot comprising the street Nos. 379 and 381 Henry street.

The language which I have quoted from his decision indicates that the learned referee supposed that the plaintiff's request to the defendant to execute the mortgage in satisfaction of his claim under the contract was made before he filed his notice of lien.    This, however, appears to be a mistake.    The notice of lien was filed on December 28, 1895, while the plaintiff himself fixes February 21, 1896, as the date when he asked Mrs. Rehfeldt to execute the bond and mortgage, and when she declined to do so.    Mr. Firth adds : " On that occasion I offered to make her a loan on her property, which I had altered, sufficient to take up the first mortgage that was on the property, and the amount of my contract and extras.    This she refused."    Thereupon the present suit to foreclose the lien was commenced on March 6, 1896.

The appellant insists that the contract between the parties precluded the plaintiff from filing a mechanic's lien, and that his appropriate remedy was a suit for specific performance.    The provisions as to the giving of the mortgage and the manner of payment are declared to be entirely inconsistent with the assertion of a lien, and

to amount to a distinct waiver of any right thereto which the plaintiff might otherwise have had. By a contract of this kind, it is argued that the parties have provided for a different sort of security inconsistent with the statutory lien, the right to which must, therefore, be deemed to have been abandoned.

The position of the appellant in this respect is sustained to some extent by authority elsewhere, but not, as it seems to me, by the decisions in this State. The strongest case in the appellant's favor appears to be *Weaver & Pennock* v. *Demuth* (40 N. J. Law, 238) where the New Jersey Supreme Court expressed the opinion that a stipulation in a building contract for payment by means of a mortgage operated as a waiver of the statutory lien. It was conceded by counsel in that case that the right to enforce the mechanic's lien would be lost if the agreement to give the mortgage had been carried out, but the court was asked to hold that the contractor might resort to the lien provided for by the statute, inasmuch as the promised mortgage had not been given. To this the court answered that the case stood on the contract made between the parties, and declared that the remedy for its breach must be sought within and not outside of the agreement. " The contractor," said SCUDDER, J., " must obtain the lien promised, or its equivalent in damages, and not the lien by statute which he has constructively agreed to abandon without any condition or reservation."

No other case cited by the appellant goes as far as this in asserting the doctrine of waiver. In *Willison* v. *Douglas* (66 Md. 99) the defendant agreed to pay in cash and by giving a mortgage. He made the cash payments and offered to give the mortgage; and under these circumstances the court held that " the plaintiff should be estopped in the further prosecution of his claim for lien upon the property." In other words, the offer to pay in the manner stipulated authorized the court to treat the agreement as an executed contract which prevented the enforcement of the mechanic's lien.

In *Barrows* v. *Baughman* (9 Mich. 213) the builder's contract provided that payment should be made within five years after the work was done, and should be secured by a first mortgage on the premises; and it was held that the statute of Michigan did not give a mechanic's lien for the purpose of compelling the debtor to fur-

nish collateral security for the debt. "The lien authorized by the statute is intended as a security for. the *payment* of the debt, and can only be enforced as a means of compelling *payment*," said CHRISTIANCY, J.; but he added: "Doubtless such lien may attach and be enforced to compel payment, whether the debt be payable in cash or otherwise." The remedy could not be invoked for that purpose in that case, as the debt was not yet due. It is important to note in the case at bar that the time for payment had come, by reason of the defendant's ability to raise the required amount, before the plaintiff attempted to enforce his lien, and that the object of the present suit is not to obtain the collateral security for which the contract also provided, but to compel satisfaction of the plaintiff's claim.

In *Grant* v. *Strong* (18 Wall. 623) the acts of the parties were so inconsistent with the idea of a mechanic's lien that the Supreme Court of the United States declared that no such lien ever attached. Before bringing suit to establish a lien the builder had given up real estate security for payment for his work and taken a mere promissory note under circumstances which convinced the court that he always had relied for his pay upon some other security than a mechanic's lien.

The principal New York case relied upon by the appellant is *Dowdney* v. *McCullom* (59 N. Y. 357). There the contractor's work was to be paid for in part by the conveyance of a lot, and the Court of Appeals held that the plaintiff could not have judgment in his mechanic's lien suit for the value of the lot thus agreed to be conveyed because he had not made any demand for the deed or shown any inability of the defendant to make the conveyance. The opinion clearly indicates that the only reason for refusing to enforce the plaintiff's lien was his failure to show that the defendant was in default. The right to file and enforce a lien where payment is to be made otherwise than in money is distinctly asserted, and it is evident that if the defendant's default in not having made the conveyance had been established the plaintiff would have recovered judgment in the mechanic's lien suit for the value of the lot.

None of these cases except that in New Jersey (*Weaver & Pennock* v. *Demuth, supra*) would warrant the conclusion that the plaintiff was without remedy in the present action. On the other

hand, the true rule applicable to the relations of the parties here seems to be that laid down by the Supreme Court of the United States in *McMurray* v. *Brown* (91 U. S. 257). In that case it is said that "lien laws do not in general create a lien in favor of a materialman who has accepted in full a different security at the time the contract or agreement was made," and a trust deed or mortgage is mentioned as a species of security inconsistent with the idea of a mechanic's lien upon the same land for the same debt. Thus, if the second mortgage, which the defendant promised to give the plaintiff as security, had actually been given, the plaintiff would, under this and other authorities, have lost the right to enforce his mechanic's lien, "but a mere promise to give such a security, if subsequently broken, will not impair such a right if the requisite notice is given before any right of a third party" has become vested. "If the labor has been performed or the materials furnished, no matter in what the owner agreed to pay, if he has not paid in any way, the laborer or mechanic has a right to resort to the security provided by law" unless he has deprived himself of that right by agreeing to accept other security which has actually been given or unless the rights of third parties have intervened. Where an agreement is made to give a mortgage which would destroy a mechanic's lien, the lien remains if the mortgage is not given. (*Gardner* v. *Hall*, 29 Ill. 277, cited with approval in *Chicago & Alton R. R. Co.* v. *Union Rolling Mill Co.*, 109 U. S. 722.) The mechanic's lien in the present case was filed under chapter 342 of the Laws of 1885, which has since been repealed by the Lien Law (Chap. 418, Laws of 1897). Under that act it was held that a contractor could file a valid lien before all the work was done or all the materials furnished, provided the balance of the contract was fully completed according to its terms. (*Heinlein* v. *Murphy*, 3 Misc. Rep. 47.) When the plaintiff filed his notice his contract had been substantially performed and payment had been earned, although the stipulated time for payment had not arrived. But the statute did not require that the time for payment should have arrived before the notice could be filed. Such filing was authorized "at any time during the performance of the work or the furnishing of the materials, or within ninety days after the completion of the contract or the final performance of the work, or the final furnishing of the

material." There had been no waiver of the right to file it, as has already been shown, by the provision in the contract for giving the plaintiff a second mortgage as security, for the defendant had not given and never gave such mortgage. (Phillips' Mech. Liens [3d ed.], § 285.) In this situation of affairs the plaintiff might lawfully file his notice, but he could not enforce the lien until the defendant had been put in default in respect to the matter of payment. She was to pay, according to the terms of the contract, as soon as she could raise a first mortgage on the premises which would discharge the mortgage already on the property and produce enough more money to cover the expense of the improvements made by the plaintiff. When the plaintiff, however, offered to make her a loan which would have enabled her to pay off the existing mortgage, and also offered to take her bond and mortgage in satisfaction of his claim for work and material, she declined the proposition, and thereby placed herself in default. Upon her refusal he became entitled to resort to his lien and to prosecute the present action for its enforcement.

It is argued that the mortgage which the plaintiff proposed to take was different from the kind of mortgage specified in the contract, being payable in six months; but the contract says nothing about the term of the mortgage, nor does it appear that any objection was ever made to the proposed transaction on this ground.

In view of the somewhat contradictory judicial utterances on the subject of waiver, as applied to mechanics' liens, it has seemed proper to discuss, at considerable length, the first point presented in the brief for the appellant. The other points can be disposed of more readily. We are not called upon to review any questions of fact. The case, on appeal, sets out only so much of the evidence as is necessary to present such questions of law as are raised by the appellant's exceptions, and the record contains an express waiver of all objection or exception to the decision of the referee so far as the weight or sufficiency of the evidence is concerned. This leaves the appellant unable to dispute the correctness of his conclusion, that the contract was substantially performed by the plaintiff upon premises constituting in reality only one city lot.

The only other matter requiring consideration upon this appeal is the action of the referee in taking the testimony of the appellant's

daughter in the absence of counsel for the appellant, after counsel's representative had applied to the referee for an adjournment of the hearing, and the application had been denied. No legal reason was offered for the desired adjournment. The defendant herself was present with her daughter. The referee, noticing the presence of the daughter, called attention to the fact that she had been mentioned by the defendant's counsel as a possible witness, and suggested to the gentleman who had applied for the adjournment that he might submit her for examination if he desired to do so. The representative of defendant's counsel responded that he was willing Miss Rehfeldt should be sworn, and the daughter then testified at length, in answer to questions by the referee, by her mother, the defendant, and by plaintiff's counsel in cross-examination, in respect to the matters in controversy so far as she possessed any personal knowledge thereof. At a subsequent hearing defendant's counsel moved to strike out her testimony, on the ground that the person recognized by the referee as his representative at the time the examination was taken was a minor only sixteen years of age. The motion was denied, and the appellant insists that its denial constitutes reversible error. I find no exception to the ruling, but if there was one it should avail nothing. Miss Rehfeldt was not in any sense compelled by the referee to be a witness. His suggestion that she should take the stand evidently proceeded from a desire that her mother, the defendant, should not suffer by reason of the absence of her counsel without legal excuse. Such testimony as she did give tended to help her mother's case, and, if anything was omitted, her counsel could have recalled her for further examination when he reappeared on the scene. The referee's conduct appears to have been inspired solely by a wish to treat the defendant with fairness, and I cannot see that it resulted in any injury to her whatsoever.

The judgment should be affirmed.

All concurred. except CULLEN, J., absent.

Judgment affirmed, with costs.