(110 App. Div. 72)

### In re FROMENT et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. MARITIME LIENS—MATERIALS FURNISHED FOR VESSEL.

    Under Lien Law, Laws 1897, p. 526, c. 418, § 30, which gives a lien on a vessel for work done or material furnished for or toward the building, repairing, or equipping of the vessel, and the judicial construction which has been placed on 2 Rev. St. (1st Ed.) pt. 3, c. 8, tit. 8, § 1, and Laws 1862, p. 956, c. 482, § 1, of which said section 30 is a revision, one who furnishes materials or other articles toward building, repairing, or equipping a vessel is not entitled to a lien upon the vessel, unless the materials furnished by him have actually gone into the construction, repair, or equipment of the vessel.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Maritime Liens, §§ 31–33.]

2. SAME—STATUTORY PROVISIONS—CONSTRUCTION.

    Section 30 of the lien law (Laws 1897, p. 526, c. 418), giving a lien to persons furnishing materials for the construction or equipment of a vessel, being in derogation of the common law, should be strictly construed, and is not affected by section 22, of the lien law (page 525), relative to mechanics' liens, which provides for the liberal construction of the article of which it is a part.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Maritime Liens, § 22.]

    Miller, J., dissenting.

Appeal from Special Term, Kings County.

Application by Frank L. Froment and another to establish a lien on a vessel in custody of William J. Burlee, trustee in bankruptcy of the Marine Construction & Dry Dock Company. From an order affirming a report of the referee granting the lien prayed for, such trustee in bankruptcy appeals. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Clarence P. Moser, for appellant.
Robert J. Mahon, for respondents.

HOOKER, J. This is an appeal from an order confirming the report of a referee granting to Frank L. Froment and Eugene M. Froment, respondents, a lien upon a vessel in the custody of the appellant, the trustee in bankruptcy of the Marine Construction & Dry Dock Company. The proceeding was brought pursuant to the provisions of sections 3419 et seq. of the Code of Civil Procedure.

The referee has found that the shipments by the respondent to the construction company of November 5, and 14, 1903, amounted to the sum of $106.14, and that they should have a lien against the vessel for that amount. He also has found that substantially all of the material sold by them was used in the construction of the vessel, except the shipments of November 5, and 14, 1903, and that the material shipped on those two days remained in the possession of the construction company until November 21, 1904, when it passed into the possession of the receiver in bankruptcy.

The appeal presents the sole question whether or not under section 30 of the lien law (Laws 1897, p. 526, c. 418), one who furnishes in this state materials or other articles for or toward the building, repairing, fitting, furnishing, or equipping of a vessel, is entitled to a lien upon it by reason of the fact that the materials are not paid for. It is provided in that section that a debt, not a lien by the maritime law, of $15 or upwards, on a vessel other than a seagoing or ocean bound, shall be a lien upon such vessel, her tackle, apparel, and furniture, and shall be preferred to all other liens thereupon, except mariners' wages, if such debt is contracted by the master, owner, etc., for work done, or material or other articles furnished in this state, for or toward the building, repairing, fitting, furnishing, or equipping of such vessel. We are referred to and have been able to find no adjudication in this state upon this question as it is now presented, pursuant to the provisions of section 30 of the lien law. That section is a revision of section 1, c. 482, p. 956, of the Laws of 1862, which in turn is a revision of 2 Rev. St. (1st Ed.) p. 493, pt. 3, c. 8, tit. 8, § 1. Interpretations of this latter statute are to be found in the books. It provides that:

"Whenever a debt, amounting to fifty dollars, or upwards, shall be contracted by the master, owner, agent, or consignee of any ship or vessel within this state, for or on account of any work, or materials or articles furnished in this state for or towards the building, repairing, etc., such ship or vessel, such debt shall be a lien upon said ship or vessel, and shall be preferred to all other liens thereon, except mariners' wages."

In Phillips v. Wright, 7 N. Y. Super. Ct. 342, it appeared that a part of the timber furnished was not used in the vessel, and that some of it had been sold by the purchasers' assignees, and the probability was that some went for the repair of other vessels. It was there contended on the part of the plaintiff that the nonapplication of the timber to the building of the vessel in question for which it was bought was not material; but the court took the opposite view, and held that to create the lien it is not sufficient to prove that the materials were purchased with the declared purpose of being used in the building of the vessel, but positive application to the intended use must be shown. The court said:

"The whole theory of a lien for labor and materials rests upon the basis that such labor and materials have entered into and contributed to the production or equipment of the thing upon which the lien is impressed. This imposes on the materialman the necessity of seeing to it, that his materials are applied to the purpose for which they are procured, if he design to rely upon a lien given to him, by reason of such purpose. * * * It may well be doubted whether a literal interpretation of the words of the statute (2 Rev.

St. 493), confer a lien, unless the articles furnished are actually used in the building, etc., of the vessel against which it is claimed. Can it be that materials are furnished for, or towards building a ship, when no part of them enter into or become a part of, the ship? * * * This doubt, and our conviction that the spirit of the act does not warrant its extension to materials bought for, but never used, in the building of a designated vessel, make it our duty to hold, that for the timber which did not enter into the construction of the ship in question, the plaintiff had no lien."

The same court in Hiscox v. Harbeck, 15 N. Y. Super. Ct. 506, considered the same question, and the case of Phillips v. Wright, supra, was followed. Dealing with a similar act, Judge Sutherland, in Johnson v. The Steamboat Sandusky, 5 Wend. 510, said:

"The supplies contemplated by the act, it appears to me, must be such as enter into the construction or equipment of a vessel and become a part of her."

In Crooke v. Slack, 20 Wend. 177, that case is followed. The Superior Court cases are referred to and followed in Moores v. Lunt, 1 Hun, 650, and the Phillips Case is cited with approval in P. I. Co. v. The Vessels Hopatcong, etc., 127 N. Y. 206, 211, 27 N. E. 841. The principle contended for by the appellant is the law, and has been deemed such since the early cases in this state. See, also, Happy v. Mosher, 48 N. Y. 313, 320.

The case of Sears v. Wise, 52 App. Div. 118, 64 N. Y. Supp. 1063, is not an authority for the respondent. That case dealt with the construction of article 1 of the lien law (Laws 1897, p. 514, c. 418), which relates to mechanics' liens. In that article is to be found the provision that it is to be construed liberally to secure the beneficial interests and purposes thereof, and that a substantial compliance with its several provisions shall be sufficient for the validity of a lien and give jurisdiction to the courts to enforce the same. While the provisions as to liens on vessels are to be found within the same chapter of the general laws as those relating to mechanics' liens, yet the subject of liens on vessels is treated in an article separate and distinct from that dealing with mechanics' liens. Section 22 of the lien law (Laws 1897, p. 525, c. 418) is incorporated within article 1, and by its terms refers to the article where it occurs and to none other. While there may be no logical reason why a statute authorizing a lien on a vessel should be strictly construed and that authorizing a lien on real property liberally construed, yet the language of the act itself permits and requires a liberal construction of its provisions so far as they relate to mechanics' liens, and is silent in that respect as to that part of the act relating to liens on vessels. The act is in derogation of the common law, and under familiar principles should be strictly construed, in the absence of statutory direction to the contrary. The cases to which attention has been called seem clearly to demonstrate that the meaning of the words as used in the statute has been judicially determined, and we should not now introduce a different construction.

The order should therefore be reversed, and the proceeding dismissed.

Order reversed, and proceedings dismissed, with costs. All concur, except Miller, J., who dissents.