In the Matter of the Application of FRANK L. FROMENT et al., Appellants, to Establish a Lien on a Vessel in the Custody of WILLIAM J. BURLEE, Trustee in Bankruptcy, Respondent.

*Matter of Froment,* 110 App. Div. 72, modified.

(Argued March 1, 1906; decided March 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

December 29, 1905, which reversed an order of Special Term confirming the report of a referee in a proceeding to establish a lien upon a vessel under section 3419 *et seq.* of the Code of Civil Procedure and dismissed the proceeding.

*Robert J. Mahon* for appellants.

*Clarence P. Moser* and *David Bennett King* for respondent.

WERNER, J. The learned Appellate Division not only reversed the order made at Special Term, but dismissed the petitioner's proceedings instead of granting a new trial. This, we think, was error, which requires a modification of the order appealed from to the extent of directing that a new trial be had. The learned court below obviously based its decision upon the findings of the referee, to the effect that all but two of the twenty items of materials comprehended within the claim upon which the petitioners assert their right to a lien were barred by the period of limitation fixed by the statute, and that the two items referred to, which were delivered within the statutory period, consisted of materials which were not used in the construction of the vessel against which the petitioners claim their lien. We do not now decide whether the Appellate Division properly construed the statute under which the petitioners claim their lien, for the case depends, in part at least, upon oral evidence which may be changed, and that consideration alone demands the granting of a new trial. (*Dixon* v. *James*, 181 N. Y. 129.) Neither do we decide whether the petitioners' claim is based upon a single and entire contract for the delivery of materials at successive periods, as to which the time for acquiring a statutory lien may be computed from the date of the last delivery of materials, or whether each delivery was made under a separate contract, under each of which it was necessary to file a distinct claim for a lien in order to escape the time limitation prescribed by the statute. These questions and others that might be suggested may or may not arise upon another trial, and they cannot properly be decided now.

The order of the Appellate Division should be modified so as to grant a new trial, with costs to abide the event, and as so modified affirmed, without costs of this appeal to either party.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and HISCOCK, JJ., concur; WILLARD BARTLETT, J., not sitting.

Ordered accordingly.