### In re FROMENT et al.

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

1. MARITIME LIENS—SHIPPING—VESSELS—MATERIALMEN'S LIEN—"FOR OR TO-WARDS."

Under Laws 1897, p. 526, c. 418, § 30, giving a lien for material furnished, etc., "for or towards" the building, etc., of a vessel, a finding in a proceeding to enforce a lien that material was used "in or toward" the construction of a vessel is not objectionable as being equivocal; both phrases being tautological.

109 N.Y.S.—68

2. SAME—NOTICE OF LIEN—TIME FOR GIVING.

    Laws 1897, p. 526, c. 418, § 32, providing that a debt for material, etc., furnished in the construction of a vessel shall cease to be a lien thereon, unless notice of lien be filed within 30 days after the debt is "contracted," and requiring the notice to contain a statement of the amount "due," requires the filing of notice within 30 days after the debt is "contracted," and not when it becomes "due."

    Appeal from Trial Term, Kings County.

    Application by Frank L. Froment and another to enforce a lien on a vessel, the Marine Construction & Dry Dock Company, constructor, in custody of William J. Burlee, trustee in bankruptcy. From a judgment enforcing a lien, said trustee appeals. Affirmed.

    See 77 N. E. 9.

    Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

    R. Russell Osborn, for appellant.
    Robert J. Mahon, for respondents.

    GAYNOR, J. This is an appeal from a judgment enforcing a lien on a vessel for material used in the construction thereof. When the case was here before it was reversed on a finding of fact that the material never went into or was not used in the construction of the vessel, although purchased and delivered for that purpose. 110 App. Div. 72, 96 N. Y. Supp. 1061; 184 N. Y. 568, 77 N. E. 9. On the present trial it was found that the material "was used in or toward the construction" of the vessel, and that finding is sufficiently supported by evidence.

    The words of the lien law (section 30, c. 418, p. 526, Laws 1897) are that a lien may be had "for work done or material or other articles furnished in this state for or towards the building, repairing, fitting, furnishing or equipping of such vessel." It is objected that the finding of fact is equivocal, and therefore finds nothing, in that it finds that the material was used "in or toward" the construction of the vessel, which, it is claimed, is not a finding that it was "used in" such construction. This argument is based on the motion that each of the two words "in" and "toward," as used in the finding, or "for" and "towards," as used in the statute, means something different. But it is not so; the phrase in the finding, like that in the statute, which it substantially followed, is tautological.

    Section 32 provides that a "debt" shall cease to be a lien upon a vessel unless a notice of lien be filed by the lienor within 30 days after such debt "is contracted." The debt here was contracted November 14, 1903, and the lien was filed within 30 days thereafter, viz., December 2, 1903. By the subsequent part of the said section the notice of lien is required to contain "a statement of the amount claimed to be due." In this case a credit of 30 days was given, so that the debt did not become due and payable until after the lien was filed, viz., on December 15th. It is therefore argued that as the lien was filed before the debt was due, and therefore could not truthfully state the amount claimed to be due, as there was nothing then due, it was prematurely filed, and therefore did not continue the lien of the debt. But

the previous requirement that the notice of lien be filed within 30 days after the debt is "contracted" must govern. By subsequently requiring the lienor to state the amount claimed to be "due," that word was not used in the sense of payable, or due and payable; it was not meant to require the postponement of the filing of notice of lien until within 30 days after the debt became due and payable. The effect of giving credit is only to postpone the beginning of a proceeding to enforce the lien, not the time. of filing the notice of lien. Mott v. Lansing, 57 N. Y. 112.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.