In the Matter of the Mechanic's Lien upon Real Property Claimed by Abraham J. Storick, Lienor, and Credit Assets Corporation, Appellant, against M. E. Realty Co., Inc., Respondent.— Order granting respondent's motion to vacate and cancel of record notice of mechanic's lien reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The acceptance of the notes by the lienor, in the absence of an agreement to accept same in payment and cancellation of the original indebtedness, does not deprive appellant of the right to file the lien. The question as to whether the notes were given and accepted upon an agreement not to file a mechanic's lien is one of fact which cannot be determined in this proceeding and can be determined only upon the trial of an action to foreclose the lien. (Happy v. Mosher, 48 N. Y. 313; Mott v. Lansing, 57 id. 112, 115; Matter of Froment, 125 App. Div. 647; Phœnix Iron Co. v. "Hopatcong" & "Musconetcong," 127 N. Y.

206.) Respondent having given notes to the contractor, appellant's assignor, extending the payment over a period of twelve months, no action to foreclose the lien can be maintained until there is a default in the payment of the notes. (*Happy* v. *Mosher, supra; Mott* v. *Lansing, supra; Matter of Froment, supra.*) Consequently, an order to compel appellant to foreclose the lien cannot be granted. Order denying motion to extend and continue lien affirmed, without costs. The lien does not expire until one year from the time of filing, which will be November 7, 1929. In the meantime all the notes given by respondent to the lienor will have matured. A motion at this time to extend the lien is premature. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.