GENESEE LUMBER AND COAL COMPANY, Plaintiff, *v.* ANGELO BONARIGO and Others, Defendants.

Supreme Court, Genesee County. February 20, 1931.

*William L. Marcy,* for the plaintiff.

*George Day [George Watson* of counsel], for the defendant Goade & Flohr.

*James A. LeSeur,* for the defendant Archie J. Case.

*Newell E. Cone,* for the defendant Bonarigo.

CHARLES B. WHEELER, Official Referee. This action is brought to establish and foreclose mechanics' liens in which various liens are asserted by different defendants.

The only contest arising on the trial of this action is one as to the validity of a lien asserted by the defendant Goade & Flohr, copartners, who claim a lien for the sum of $2,080.71. Angelo Bonarigo was the owner of the property improved. He had a contract with Lawrence Calabro for the improvement of a certain building in the city of Batavia, N. Y.

Calabro in turn, on or about July fifth, entered into a contract with the firm of Goade & Flohr, by which said firm agreed to install certain heating and plumbing in the building under reconstruction at the agreed price of $1,021 for the plumbing and $1,600 for the heating. In addition said firm supplied certain hardware which amounted to $59.71. Goade & Flohr proceeded with doing the necessary work under their contract with Calabro. However, before the completion of this contract, becoming alarmed as to the financial condition of the contractor Calabro, on the 11th day of September, 1929, Goade & Flohr filed a notice of mechanic's lien against the property.

In this notice the lienors stated work and material were furnished under the contract with Calabro, in which the agreed price for doing the plumbing was $1,021 and for the heating $1,600. They also stated they had furnished extra hardware at the agreed price of $59.71.

The notice further stated that the contract for the plumbing and heating had not been completed, but was in the course of construction. The notice further stated that the value of the work performed and material furnished on the plumbing at the time of filing the lien was the sum of $800 and that on the heating was the sum of $700.

It further stated that nothing had been paid to apply on the contract except the sum of $600, leaving a balance unpaid of $2,080.71, for which amount a lien was claimed. The validity of this lien is attacked, and the contestants claim the lienor was prohibited from asserting any lien in advance. Those contesting the lien of Goade & Flohr contend that by virtue of the amendment of section 9 of the Lien Law by chapter 507 of the Laws of 1916

the right to assert a lien for work under a contract was limited to the value of the work and material actually furnished up to the time of the filing of the notice of lien. It appears that the amendment, so far as it related to section 9, consisted in the omission of the words "*or to be performed*" and "*or to be furnished,*" after the words " performed " and " furnished " as they existed in the statute before the amendment was made.

It is, therefore, argued that the intent of the Legislature was to take away the right to any lien for the whole agreed price, and to confine it to such work and material as had been supplied up to the time of the filing of the notice, and that valid liens could be obtained only by the filing of successive notices as the work progressed.

There are four sections of the Lien Law which have a bearing on the question now under discussion, to wit, sections 3, 4, 9 and 10. Section 3 gives " a lien for the principal and interest of the value, *or the agreed price*, of such labor or materials upon the real property improved or to be improved." Section 4 of the act (as amd. by Laws of 1916, chap. 507) relates to the *extent* of the lien, and among other things provides: " If labor is performed for, or material furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, *and any sum subsequently earned thereon.*" Section 10 (as amd. by Laws of 1916, chap. 507) provides that the notice of lien " may be filed at any time during the progress of the work and the furnishing of the materials, or, within four months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials." Commenting on these sections it will be noted that a lien may be obtained for " *the agreed price* " of labor and material. It is so broad in its terms that it may well be construed so as to give a lien for work to be done in advance of the performance of a contract.

This view is further emphasized by section 4, declaring the extent of the lien and confining it to a sum not " greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, *and any sum subsequently earned.*" It is still further emphasized by section 10, providing the notice of lien may be " filed at any time during the progress of the work," etc. Reading and construing these sections together the referee cannot escape the conviction that it was the intent of the Legislature to give a contractor or subcontractor the right to a lien for the amount of the contract price for work and material even though the contract had not been fully performed at the time of filing the notice,

provided such contract was subsequently performed. The words in the 4th section quoted to the effect that the lien shall not be " for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and *any sum subsequently earned thereon*," in view of the other sections quoted, undoubtedly refer to the contract of the lienor, and not to the contract between the owner and general contractor. If the word " contract " refers only to the contract between the owner and the general contractor, then there was no occasion for the words following those quoted to the effect that the owner shall be liable for no " sum greater than the value or agreed price of the labor and materials remaining unpaid at the time of filing notices of such liens." We, therefore, reach the conclusion that section 4 must be construed as giving a contractor or subcontractor during the progress of the work the right to file a notice of lien for the entire contract price which may be enforced when earned by the completion of the job.

Goade & Flohr have completed their contract and are, therefore, in position to enforce their lien.

We think the decisions of the courts of this State sustain the view of the referee on the question as to the right to the lien.

In the case of *Henlein* v. *Murphy* (3 Misc. 47, 48) the court said: " We think a contractor can file a valid mechanic's lien for the whole contract before all the work is done, or all the material furnished, provided the balance of the contract is thereafter fully completed according to the terms thereof." This case has been cited as an authority in later cases, and the rule laid down has never been questioned to our knowledge.

The case of *Chambers* v. *Vassar's Sons & Co.* (81 Misc. 562) emphasizes the provisions of section 10 that the notice of lien may be filed at any time.

In *Barrett* v. *Schaefer, Jr. & Co.* (162 App. Div. 52, 57) the court said: " A state of facts may exist where, during the progress of the work, and before the entire work is done or all the materials furnished, one entitled to a lien may file his notice for the whole contract price and assert a lien therefor, provided the balance of the contract is thereafter fully completed according to its terms." (Citing *Heinlein* v. *Murphy*, 3 Misc. 47; *Firth* v. *Rehfeldt*, 30 App. Div. 326, 331; affd., 164 N. Y. 558.)

So, too, in *Romanik* v. *Rapoport* (148 App. Div. 688, 689) the court apparently held a lien may be filed for the contract price before the work is completed.

Assuming the referee is correct in the views above expressed, the question still remains whether under the provisions of section 9 of the Lien Law the right to file a lien for unperformed work still

exists, or whether this section has in any way taken away or modified the right formerly existing.

Counsel contend it has been so modified. By the act of 1916, chapter 507, amending the Lien Law in certain particulars, section 9 was amended by omitting from the former section the words " or to be performed " and " or to be furnished " after the words " performed " and " furnished."

It is to be noted that this section 4 was amended to read as it does by the same legislative act of 1916 by which section 9 of the Lien Law was also amended. However, the portion of the section quoted is the same as existed prior to the amendment.

Section 9 of the Lien Law (as amd. by Laws of 1916, chap. 507) relates only to the *contents* of the notice of lien and requires the notice shall state: " 4. The labor performed or materials furnished and the agreed price or value thereof, or materials actually manufactured for but not delivered to the real property and the agreed price or value thereof."

In its present form this section omits the words stated to have been in the section before amendment.

The question involved in this case is, therefore, simply this, does such omission take away the right of a lien for work remaining to be done and given by the provisions of section 4 of the act?

The referee is of the opinion that it does not, and that if the contractor after the filing of the notice proceeds to execute and complete his contract according to its terms (as Goade & Flohr did in this case) the lien is good for the balance earned under it. No rule of law is better established than that in construing a statute all sections thereof must be read and construed together for the purpose of ascertaining the purpose and intent of the Legislature in its passage.

. Sections 4 and 9 form a part of the amendments to the Lien Law passed by chapter 507 of the Laws of 1916.

Had the Legislature intended to take away the right to assert a lien for future work to be done under a contract, why did it not eliminate from section 4 the words " *and any sum subsequently earned thereon?* " Permitting them to remain in the section clearly indicates that there was no intention to take the right away, especially as the two sections in question were passed in and by the same act.

There is nothing inconsistent in the two sections under discussion.

Section 9 simply prescribes what the notice of lien shall contain. It nowhere undertakes or assumes to take away or modify the rights given under section 4.

The argument advanced that it does is simply based on an inference which we think the facts do not justify.

It is claimed that the comparatively recent case of *Pascual* v. *Greenleaf Park Land Co., Inc.* (245 N. Y. 294) sustains the position of those challenging the validity of the lien of Goade & Flohr.

The referee is of the opinion that such is not the effect of that case. All that was held in that case is that a failure of the lienor to state in the notice of lien the amount or value of the work and material furnished in an unfinished contract as required by the section is fatal to its validity.

The referee is forced to the conclusion that the lien of Goade & Flohr is valid.

A decision may be prepared for the signature of the referee in accordance with the views above expressed.

So ordered.