Matthew J. Jasen, J.
This application brought on by an order to show cause is for the cancellation and discharge of record of a mechanic’s lien. Delaware Towers, Inc., is the of the real property and H. Tubin Construction Co., Inc., is the general contractor.
*228 On October 11, 1961, Siegfried Construction Co., Inc., entered into a written agreement with the general contractor to furnish certain labor and materials necessary to install concrete foundations, structural concrete, superstructure, interior and exterior masonry work at premises situate at 1088 Delaware Avenue, Buffalo, N. Y.
On November 15, 1963, Siegfried caused to be filed in the office of the Clerk of the County of Erie, notice of mechanic’s lien in the sum of $121,001.
Lienor in said notice of lien alleges that the labor performed and the materials furnished were in accordance with the said contract of October 11, 1961 and certain change orders, and that the last item of work called for by said contract actually was performed “ not earlier than the 4th day of November 1963.”
Reference to said contract indicates that the lump sum amount was $1,165,500; payment monthly for work done in the previous months with 10% to be retained until final payment 90 days after completion.
It is conceded that payments in excess of $1,000,000 were made by the general contractor to the lienor and that the balance owing lienor under said contract is in the sum of approximately $121,001. However, the general contractor contends that inasmuch as the balance remaining under the terms of said contract is not payable to the lienor until 90 days after completion of said work, that the notice of lien filed prior to 90 days after completion of work is invalid and therefore should be set aside and cancelled.
In support of his position, the general contractor cites Genesee Lbr. & Coal Co. v. Bonarrigo (139 Misc. 707, revd. 233 App. Div. 455, affd. 259 N. Y. 651). The issue there was whether a notice of lien filed prior to the completion of the work could establish a lien for the agreed price and value of work yet to be performed and materials yet to be supplied as well as for work done to date. The Appellate Division [4th Dept.] held that no lien existed except for the work already performed and the materials already supplied.
In this case, Siegfried has filed its lien for work completed and materials already supplied. The money has been fully earned but Siegfried has agreed to await a date beyond the date of completion for actual payment. Although Siegfried is not entitled to collect its money as yet because of the 90-day provision in the contract, it is nevertheless entitled to have its lien recorded as security for payment when payment is due. Thus, the position of the parties is no different from that of a mortgagor holding .security pending payment due in the future.
*229 It further appears that by the terms of the statute a mechanic’s lienor may file a lien prior to the date when payment is due.
Section 10 of the Lien Law, reads: “Notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or, within four months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished.”
This section of the Lien Law contains no qualification relating to whether the sum for which payment is claimed is actually payable at the time of the filing of the mechanic’s lien. Furthermore, since the lien does not arise until notice is filed, the effect of a requirement that the debt be presently payable would be to permit the expenditure by the owner of the property of substantial sums under the prime contract before the lien came into existence with a lien ultimately being available only to apply to a job on which little, if anything, remained owing.
Let us take a situation where a workman or materialman should accept a promissory note separate and apart from the original contract postponing his right to payment of the sum due under the contract to a later date. Would he thereby forfeit his right to file a lien until the date of payment agreed upon by the note had arrived?-
The court in Matter of Storick v. M. E. Realty Co. (226 App. Div. 674) distinguished between the right to a lien as security and the right to foreclose the lien to recover the money itself as follows:
“ The acceptance of the notes by the lienor, in the absence of an agreement to accept same in payment and cancellation of the original indebtedness, does not deprive appellant of the right to file the lien. The question as to whether the notes were given and accepted upon an agreement not to file a mechanic’s lien is one of fact which cannot be determined in this proceeding and can be determined only upon the trial of an action to foreclose the lien. * * * Respondent having given notes to the contractor, appellant’s assignor, extending the payment over a period of twelve months, no action to foreclose the lien can be maintained until there is a default in the payment of the notes.”
This court is of the opinion that Siegfried is not restricted from filing its lien prior to the date payment is due, but it must await the proper due date before it commences any action to foreclose the lien.