Louis J. Capozzoli, J.
Motion for an order vacating and discharging a notice of mechanic’s lien, dated November 12, 1964, filed by Newburgh Nursery, Inc., is granted.
It is clear that the work which forms the basis for the claimed lien by the lienor subcontractor was performed upon a public *592 improvement for the State of New York. Accordingly, under section 12 of the Lien Law, the lien must be filed 1 ‘ At any time before the construction of a public improvement is completed and accepted by the state * * * and within thirty days after such completion and acceptance It is equally clear that the State accepted the work no later than January, 1964, and thus, on its face, the notice was not timely filed. However, the lienor asserts that its performance of work, pursuant to the contract provision which requires it to, in effect, guarantee and maintain its work for a period of one year following initial acceptance of the work by the State, extended the time for filing the notice until either expiration of that period, or at least the performance of the last item of work required of it under that provision. Pursuant to that provision, 20% of the price payable for that specific work is withheld pending expiration of the guarantee, and it appears that work, under the guarantee provision, was performed as late as December 12, 1964. If the lienor’s contention is correct, the lien filed on November 12, 1964, was timely (Matter of Delaware Towers v. Siegfried Constr. Co., 41 Misc 2d 227).
It has been held, however, that work performed pursuant to a guarantee for repairs and maintenance does not give rise to the right to file a lien which would be untimely under the primary contract, though this question has not often been raised. As stated by the court in Adehnan, Inc. v. Church Extension Comm. (136 Misc. 810, 813): “ I find no authority under the * * * Lien Law or in any decided case # * * which hold that the performance of work under an independent guaranty a year after the completion of the work provided for in the main contract extends the time to file a lien four months after the repair work performed under the guaranty. * * * Such a con-
struction would make a lien valid against subsequent purchasers, mortgagees or other parties acquiring an interest in said real estate more than four months after the completion of the work provided for in the main contract.” Inasmuch as guarantee periods can vary greatly, and can extend for substantial periods, the dangers inherent in accepting the lienor’s argument herein are apparent. (Accord, Bradley v. Kostanoski, 101 N. Y. S. 2d 767; Blanc, N. Y. Law of Mechanics’ Liens, pp. 200-201; Jensen, Mechanics’ Liens [4th ed.], § 195.) No basis exists whereby a different result should follow from the fact that in the instant case the additional period was denominated one for maintenance and guarantee work, inasmuch as, in essence, only a guarantee was provided for, nor from the fact that in the instant case a public improvement is involved. Settle order.